AGAPITO LOPEZ *v.* UNITED NURSERIES, INC.
(2782)

DUPONT, C.P.J., CALLAHAN and CIOFFI, Js.

Argued February 21—decision released April 23, 1985

*David C. Shaw,* with whom, on the brief, were *Frank Cathcart* and *Jeffrey M. Christian,* for the appellant (plaintiff).

*Donn A. Swift,* for the appellee (defendant).

CALLAHAN, J. The plaintiff appeals from the trial court's granting of the defendant's motion for summary judgment.

The plaintiff, Agapito Lopez, was employed by the defendant, United Nurseries, Inc., as a farm worker in Virginia. In connection with the plaintiff's employment, the defendant supplied him with housing at a nominal cost. The plaintiff was assigned to a trailer to which one Hector Serrano, another of the defendant's employees, was also assigned. The plaintiff alleges that while asleep in the trailer he was assaulted and suffered severe injuries when he was beaten about the head and face with a club by Serrano. The plaintiff's revised complaint contains three separate counts all sounding in negligence relating to the defendant's hiring of Serrano and its failure to provide the plaintiff with safe housing. The revised complaint states that the assault occurred on or about June 12, 1980. Suit was not filed until June 17, 1982, five days after the expiration of the applicable statute of limitations. General Statutes § 52-584.[1]

---

[1] "[General Statutes] Sec. 52-584. LIMITATION OF ACTION FOR INJURY TO PERSON OR PROPERTY. No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within

In its answer, the defendant claimed, by way of special defense, that all three negligence counts were barred by General Statutes § 52-584. The plaintiff's reply to the defendant's special defense alleged that as a result of the beating he was for several months disabled and physically and mentally incapable of asserting his rights against the defendant, and that he was legally incompetent and should have been adjudicated as such. There is also an allegation that he was hospitalized in Virginia until August 1, 1980, during which time his access to the courts of this state was impaired.

The defendant filed a motion for summary judgment as to all three counts of the revised complaint on the ground that they were barred by General Statutes § 52-584. The defendant's motion for summary judgment was filed without supporting affidavits, instead relying on the pleadings and the plaintiff's responses to the defendant's request for admissions which were part of the court file.

The plaintiff filed a counter-affidavit in opposition, in which he averred that he was, as a result of the beating by Serrano, rendered mentally disabled and incapable of asserting his rights and that this period of incompetency lasted for several months.

The plaintiff claims that the trial court erred (1) in granting the motion without supporting affidavits, (2) in concluding that there was no genuine issue as to any material fact since there were factual questions concerning the extent of the plaintiff's disability and the circumstances under which he had sustained his inju-

two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed."

ries, and (3) in concluding that the allegations in the plaintiff's reply to the defendant's special defense would not toll the provisions of General Statutes § 52-584.

The facts on which the defendant relies in its motion for summary judgment are uncontroverted and admitted in the pleadings and the plaintiff's responses to the defendant's request to admit. Under the circumstances, affidavits or further documentation were unnecessary. Practice Book § 380.

We find that the only material facts at issue in the defendant's motion for summary judgment are the date of the assault, June 12, 1980, and the date the action was filed, June 17, 1982. Those facts are admitted. Material facts are defined as facts which will make a difference in the result. *Barrett* v. *Southern Connecticut Gas Co.*, 172 Conn. 362, 378, 374 A.2d 1051 (1977). Facts other than the date of the assault and the date the action was filed were not material to the trial court's decision on the motion for summary judgment, unless the applicable statute of limitations is tolled because of facts asserted in the plaintiff's counter-affidavit.

"The rule that the court will not read exceptions into statute of limitations applies in the case of persons non compos mentis. Generally if there is no exception in favor of incompetents, the statute will run against claims in their favor the same as against claims of others not expressly mentioned in the exceptions of the statute." 51 Am. Jur. 2d, Limitation of Actions § 186.

General Statutes § 52-584, provides no exceptions for minors; *Lametta* v. *Connecticut Light & Power Co.*, 139 Conn. 218, 92 A.2d 731 (1952); nor does it provide an exception for insane persons.[2] *Kirwan* v. *State*, 168 Conn. 498, 501–502, 363 A.2d 56 (1975). Even if the statute were tolled in the event a person has been for-

---

[2] Other Connecticut statutes of limitations do provide exceptions. General Statutes §§ 52-575, 52-576, 52-579 and 52-594.

mally adjudicated as incompetent or should have been and no provision has been made to insure that such person's interests are adequately protected; see *Ridgeway* v. *Ridgeway,* 180 Conn. 533, 539, 429 A.2d 801 (1980); *Kirwan* v. *State,* supra, 502–503; *Hobart* v. *Connecticut Turnpike Co.,* 15 Conn. 145, 148 (1842); neither the pleadings nor the plaintiff's counter affidavit contain facts which indicate that such is the case here. The pleadings aver a head injury. The plaintiff's counter-affidavit states that the plaintiff was rendered mentally disabled and incapable of asserting his rights. That mere assertion is insufficient to establish the existence of a material, relevant fact.

"A trial court may appropriately render summary judgment when the documents submitted demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law. Practice Book § 384; *Yanow* v. *Teal Industries, Inc.,* 178 Conn. 262, 268, 422 A.2d 311 (1979); *United Oil Co.* v. *Urban Redevelopment Commission,* 158 Conn. 364, 377–78, 260 A.2d 596 (1969)." *Bartha* v. *Waterbury House Wrecking Co.,* 190 Conn. 8, 11, 459 A.2d 115 (1983); see *Herman* v. *Endriss,* 187 Conn. 374, 446 A.2d 9 (1982). "Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed relevant factual issue." (Citations omitted.) *Burns* v. *Hartford Hospital,* 192 Conn. 451, 455, 472 A.2d 1257, 1259 (1984). It is not enough for the opposing party merely to assert the existence of such a disputed issue. The nonexistence of an issue of fact is not rebutted by the bald statement that an issue of fact does exist. Id.

There is no error.

In this opinion the other judges concurred.