[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a negligence action brought against several defendants for damages incurred by the owner of a commercial building in Stamford allegedly as the result of construction on the Pulaski Street Bridge. The second count is directed against Stamford Water Company, and alleges the following facts: The Stamford Water Company is a corporation licensed to provide water to consumers in Stamford. As part of its water distribution system, defendant maintains certain pipes and water mains on Pulaski Street. In February 1987, water escaped from defendant's piping and water mains, inundating the plaintiff's property. This occurred at a time when, due to the Pulaski Street Bridge construction, the foundation of plaintiff's building was exposed and the building had already been damaged and undermined.
The alleged negligence of the Stamford Water Company was its failure to cap the water line properly, its failure to warn abutting property owners of the potential for damage when it knew or should have known that a valve was in danger of popping off the end of the water main, its failure to warn defendant Ecco that excavation activity near the water main could result in the removal of ground support, and its failure to supervise Ecco's activities near the water pipes. CT Page 2329
Stamford Water Company generally denied the material allegations of the complaint, and plead the statute of limitations, Conn. Gen. Stat. 52-584, as a special defense. The plaintiff denied the allegations of the special defense. The pleadings are closed and defendant now moves for summary judgment. Both parties have filed memoranda of law and documents in support of their positions.
In its Memorandum of Law the defendant argues that the alleged negligence in capping the water line occurred in 1974, thirteen years before plaintiff's alleged injury, and fifteen years before suit was brought, and plaintiff's claim is therefore barred by the three year limitations period contained in Conn. Gen. Stat. 52-584. Defendant has submitted the affidavit of its Superintendent of Distribution, Mr. Farrel, in support of this claim. Mr. Farrel states that in 1974 the defendant installed a twelve inch gate valve to isolate a break in the main under the river bed adjacent to plaintiff's building, and permanently closed the valve. He further states that since 1974 the defendant has not repaired or replaced that main, valve or its adjacent parts. Defendant further argues that no facts exist to support the allegations of a duty to warn premised on some continuing course of conduct, and that any danger to plaintiff was created or caused by Ecco, not Stamford Water Company. For this reason, defendant argues that Ecco had the duty to warn, not defendant.
The plaintiff argues that his claim is not time barred because one of the allegations of fault involves a claim of conduct which continued to the time of the incident which damaged his building. He further argues that the Water Company's failure to warn or supervise Ecco occurred in 1987, within the statute of limitations. Plaintiff has submitted three documents in opposition to the motion for summary judgment which he argues raise factual issues.
 The trial court may grant summary judgment when the documents submitted in support of the defendant's motion demonstrate that there is no genuine issue of material fact that the plaintiff's suit is barred by the applicable statute of limitations. Burns v. Hartford Hospital, 192 Conn. 451, 455, 472 A.2d 1257
(1984). Where there is no dispute as to the applicable statute of limitations, the only facts material to the trial court's decision on a motion for summary judgment are the date of the wrongful conduct alleged in the complaint and the date the action was filed. See Lopez v. United Nurseries, Inc., 3 Conn. App. 602, 605, 490 A.2d 1027 (1985). CT Page 2330
Shuster v. Buckley, 5 Conn. App. 473, 477 (1985).
Conn. Gen. Stat. 52-584, the applicable statute of limitations for actions sounding in negligence, provides;
 No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed.
(emphasis added). "In order to toll the statute of limitations by reason of continuing tortious conduct, the plaintiff must allege in his complaint or present facts which reasonably support an inference of a continuing breach of duty by the defendant." Shuster v. Buckley, 5 Conn. App. at 478. "When the wrong sued upon consists of a continuing course of conduct, the statute [of limitations] does not begin to run until that course of conduct is completed." Handler v. Remington Arms Co., 144 Conn. 316, 321
(1957). "Because the negligent failure to warn is a continuing course of conduct, the statute of limitations does not begin to run until the course of conduct is completed." Cross v. Huttenlocher, 185 Conn. 390, 400 (1981).
Liability of a water distributor for damages resulting from the escape of water from a main is generally premised on principles of negligence. See 20 ALR3d 1294. Absent circumstances tending to show a defect in the pipe, a water distributor generally is not negligent in failing to inspect its main on a regular basis. Id.
Defendant's position is that the only negligent act alleged occurred in 1974, and this action, brought in 1989, is therefore barred by Conn. Gen. Stat. 52-584. The undisputed facts before the court show that defendant's alleged failure to cap the water line properly occurred in 1974, and therefore, unless a continuing course of conduct is established, it is found that plaintiff's action against Stamford Water Company is time barred. Plaintiff alleges that Stamford Water Company failed to warn abutting property owners and Ecco Enterprises of the potential for damage from a valve that was allegedly in danger of popping off the end of the water main. Knowledge by defendant of this allegedly CT Page 2331 dangerous condition is necessary to create a duty to warn on the defendant's part.
The plaintiff has provided no factual basis for its allegation that a valve was in danger of popping off or that defendant knew or should have known this, and therefore has failed to show the existence of a duty to warn on defendant's part. Having failed to show the existence of a duty, plaintiff has failed to show a continuing course of conduct, that is, a continuing failure to warn. Therefore, it is the opinion of the court that plaintiff has failed to show any act of negligence by Stamford Water Company occurring after 1974, and the defendant's motion for summary judgment is granted based on the special defense of the statute of limitations.
JOHN J.P. RYAN, JUDGE