[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On January 2, 1992, the plaintiffs Jose Aviles and Yolanda Aviles initiated this action against the defendants Joseph J. Gugliotti and Joseph M. Gugliotti, claiming damages allegedly sustained in an automobile accident which occurred on October 24, 1990. The plaintiffs allege that at the time of the accident they were passengers in a car operated by Cesar Aviles, which collided with a car operated by the defendant Joseph J. Gugliotti and owned by the defendant Joseph M. Gugliotti. The plaintiffs alleged the following facts:
 5. On or about October 24, 1990, the defendant, Joseph J. Gugliotti, applied his brakes so as to cause him to loose control of his vehicle and stop diagonally across the left and right lane of Interstate 84 in the Town of Chesire, Connecticut.
 6. On or about October 24, 1990, Cesar Aviles, who was traveling directly behind the defendant, attempted to slow his vehicle down and go around the defendant on the left, but was unable to do so and collided with the defendant.
The plaintiffs brought no claims against the defendant Cesar Aviles in the original complaint. On August 20, 1992, the defendants Joseph J. Gugliotti and Joseph M. Gugliotti CT Page 9543 successfully moved under General Statutes § 52-102 to cite Cesar Aviles into the case as a defendant for the purposes of apportionment. Pursuant to the motion to cite in, the defendants served a third party complaint on the defendant Cesar Aviles. The third party complaint alleged substantially the same facts as the plaintiffs' original complaint, and claimed that the defendant Cesar Aviles maybe liable for all or part of the plaintiffs' damages.
On June 4, 1993, the plaintiffs filed a request to amend their complaint in order to assert claims against the defendant Cesar Aviles arising out of the accident. The defendant Cesar Aviles filed an objection to this request to amend, on June 11, 1993, arguing that the plaintiffs' claims were barred by the Statute of Limitations, General Statutes § 52-584[1], which objection was overruled by the court (McDonald, J.) on June 29, 1993. The defendant Cesar Aviles filed an answer dated January 31, 1994, admitting the factual allegations of the revised complaint, such as the date, circumstances, and location of the accident, and at the same time, he also filed a special defense asserting the Statute of Limitations, General Statutes §52-584.
The defendant Cesar Aviles has now moved for summary judgment on the plaintiffs' complaint on the ground that the Statute of Limitations bars the complaint brought against him by the plaintiff. The plaintiffs submitted a memorandum in opposition to the motion for summary judgment.
The standard for the trial court deciding a motion for summary judgment is as follows:
 Pursuant to Practice Book 384, summay [summary] judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book 381. In CT Page 9544 deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts.
Dickmont Plastics Corp., 229 Conn. 99, 105-06, ___ A.2d ___ (1994).
"The trial court may grant summary judgment when the documents submitted in support of the defendant's motion demonstrate that there is no genuine issue of material fact that the plaintiff's suit is barred by the applicable statute of limitations." Shuster v. Buckley, 5 Conn. App. 473, 477,500 A.2d 240 (1985), citing Burns v. Hartford Hospital, 192 Conn. 451,455, 472 A.2d 1257 (1984). "Where there is no dispute as to the applicable statute of limitations, the only facts material to the trial court's decision on a motion for summary judgment are the date of the wrongful conduct alleged in the complaint and the date the action was filed." Id. On summary judgment based on the statute of limitations, facts other than the date of the injury and the date the action was filed are not material to the trial court's decision, unless the applicable statute of limitations is tolled because of facts asserted in the plaintiff's counter affidavit in opposition to summary judgment.Lopez v. United Nurseries, Inc., 3 Conn. App. 602, 605,490 A.2d 1027 (1985).
Relying on the pleadings, the defendant Cesar Aviles argues that, although he was cited in by the defendants Joseph J. Gugliotti and Joseph M. Gugliottis' third party complaint prior to the expiration of the statute of limitations, the plaintiffs' claims against him in the amended complaint are new causes of action. Therefore, he argues, the plaintiffs' claims against him are barred because the plaintiffs failed to assert those claims prior to the expiration of the statute of limitations.
The plaintiffs concede that their claims against defendant Cesar Aviles are new causes of action. Citing Lambert v.Stovell, 205 Conn. 1, 529 A.2d 710 (1987), however, they assert that the statute of limitations in the present case did not begin to run until the filing of the third party complaint, at which point, the plaintiffs argue, they were first put on notice of facts that would support a cause of action against Cesar Aviles. CT Page 9545
In Lambert v. Stovell, supra, 205 Conn. 6, the court held that
 Section 52-584 "`requires that the injured party bring suit within two years of discovering the injury. . . . In this context injury occurs when a party suffers some form of "actionable harm." (Emphasis added.)" Catz v. Rubenstein, 201 Conn. 39, 43, 513 A.2d 98
(1986), citing Burns v. Hartford Hospital, 192 Conn. 451, 460, 472 A.2d 1257 (1984). "Actionable harm" occurs when the plaintiff discovers, or in the exercise of reasonable care should have discovered, the essential elements of a cause of action. Catz v. Rubenstein, supra. "The focus is on the plaintiff's knowledge of facts, rather than on discovery of applicable legal theories." Id., 47.
 . . . . . . . As we stated in Burns v. Hartford Hospital, supra, the statute begins to run when the plaintiff discovers some form of actionable harm, not the fullest manifestation thereof.
As noted, it is the plaintiffs' knowledge of facts underlying the cause of action that determines when the statute begins to run.
The plaintiffs do not contend that they had no knowledge of the accident, but assert that they had no knowledge of any specific facts which would support a claim of negligence against the defendant Cesar Aviles. However, the statute of limitations begins to run on the date when the plaintiffs discover the facts constituting the injury, or actionable harm, not the underlying legal theories of a cause of action based on those facts. Id.
The plaintiffs have submitted no facts that would toll the statute of limitation. In fact, the allegations in the original complaint, quoted above, are realleged in the amended complaint, incorporated into the counts against the defendant Cesar Aviles, and provide the factual basis for the claims against him. This court finds that the statute of limitations began to run on the date of the wrongful conduct alleged in the complaint, namely the date of the car accident on October 24, 1990, not the date of the third party complaint. The defendant has demonstrated that no genuine issue of material fact exists and, therefore, he is entitled to judgment as a matter of law. Accordingly, the defendant Cesar Aviles' motion for summary judgment is granted. CT Page 9546
/s/ William J. Sullivan, J. WILLIAM J. SULLIVAN