[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On March 28, 1994, the plaintiff, Eydie Moyer, filed a sixteen-count complaint against four defendants alleging, among other things, that she was the beneficiary of a life insurance policy and that the proceeds have been wrongfully withheld. On July 10, 1995, one of the defendants, Travelers Insurance Company (Travelers), filed a motion for summary judgment (# 127) on counts one, two, four,[1] seven, ten and thirteen.
The first count alleges breach of contract for failure to pay the proceeds from the life insurance policy. Count two alleges that by arbitrarily, capriciously and/or maliciously refusing to pay the insurance money, Travelers breached the covenant of good faith and fair dealing. Count four alleges a breach of fiduciary duty. The seventh count appears to allege a combination of intentional misrepresentation and bad faith. The tenth count alleges a violation of CUIPA, General Statute §§ 38a-15 et seq., and the thirteenth count alleges a violation of CUTPA, General Statutes §§ 42-110a et seq.
Pursuant to Practice Book §§ 204(e), Travelers submitted a memorandum of law in support of its motion. Additionally, Travelers attached copies of written admissions to the memorandum. The plaintiff submitted a timely memorandum of law in opposition. CT Page 14642
"Summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' Practice Book § 384. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact, a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court in support of a motion for summary judgment. . . . Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment. See Practice Book § 381." (Citations omitted; internal quotation marks omitted.) HomeInsurance Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202-03, ___ A.2d ___ (1995).
The first question to be resolved is whether there is a genuine issue of material fact with respect to the applicability of ERISA. Travelers argues that the insurance policy in question is subject to the provisions of ERISA. The plaintiff contends that there is a genuine issue as to whether ERISA controls because there is a question about whether the decedent was an employee of the defendant, John J. Brennan Construction Company, at the time of his death.
In support of its motion, Travelers submitted copies of admissions from all of the parties, including the plaintiff.[2]
These written admissions were the result of Travelers request to admit. The request stated: "The Travelers Insurance Company issued a Group Policy, Policy Number GA-411135, to John J. Brennan Construction Company, which policy was provided pursuant to an employee benefit plan (hereinafter "Plan") subject to the provisions of the Employee Retirement Income Security Act of 1974." Each of the defendants and the plaintiff answered this request with "ADMIT".
Section 380 of the Practice Book provides that "[a] motion for summary judgment shall be supported by such documents as may be CT Page 14643 appropriate, including but not limited to affidavits, certified transcripts under oath, disclosures, written admissions and the like." (Emphasis added.) Practice Book § 380; see Orenstein v. OldBuckingham Corp. 205 Conn. 572, 534 A.2d 1172 (1987) (granting a summary judgment motion supported by admissions). Furthermore, inLopez v. United Nurseries, Inc., 3 Conn. App. 602, 490 A.2d 1027
(1985), the appellate court upheld a summary judgment that was supported by admissions contained in "the pleadings and the plaintiff's responses to the defendant's request to admit." Id., 605.
Thus, the plaintiff's admission that the insurance policy is subject to the provisions of ERISA is sufficient to support Traveler's motion for summary judgment. Furthermore, the motion receives additional support from statutory and case law.
"ERISA comprehensively regulates, among other things, employee welfare benefit plans. . . ." Pilot Life Insurance Co. v. Dedaux,481 U.S. 41, 44, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). "An `employee welfare benefit plan' is defined as: (1) a `plan, fund or program' (2) established or maintained (3) by an employer . . . (4) for the purpose of providing . . . death . . . benefits . . . (5) to the participants or their named beneficiaries." Cote v. DurhamLife Insurance Company, 754 F. Sup. 18, 19-20 (D. Conn. 1991); see29 U.S.C § 1002(1).
This life insurance policy, established pursuant to a group, policy issued to the decedent's employer, satisfies this definition of an employee welfare benefit plan. Accordingly, as a provision of an employee welfare benefit plan, the life insurance policy is subject to the regulation of ERISA.
Therefore, based on the written admissions and the statutory definition of a welfare benefit plan, ERISA regulates the insurance policy in question. Furthermore, the plaintiff's argument is without merit. The decedent's status as an employee is immaterial because even if the decedent was not an employee at the time of his death, the life insurance policy at issue would still be a component of a welfare benefit plan, and therefore subject to the provisions of ERISA. Thus, the issue concerning the decedent's status as an employee has no impact on the applicability of ERISA to the life insurance policy.
The next issue to be resolved is whether the defendant is entitled to judgment as a matter of law. Travelers contends that CT Page 14644 it is entitled to judgment as a matter of law because ERISA preempts the plaintiff's alleged causes of action. The plaintiff does not address this argument.
The ERISA pre-emption clause provides that "[e]xcept as provided in subsection (b) of this section, the provisions of [ERISA] shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ."29 U.S.C. § 1144(a). "[T]he phrase `relate to' [is] given its broad common-sense meaning such that a state law `relate[s] to' a benefit plan in the normal sense of the phrase, if it has a connection with or reference to such a plan. . . . In particular [the Supreme Court has] emphasized that the pre-emption clause is not limited to state laws specifically designed to affect employee benefit plans." (Citations omitted; internal quotation marks omitted.) Pilot LifeInsurance Co. v. Dedaux, supra, 481 U.S. 48. A `state law' is defined as including "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State."29 U.S.C. § 1144(c)(1).
ERISA contains its own civil enforcement scheme,29 U.S.C. § 1132(a),[3] and the state laws that have been ruled preempted are those "that provide an alternative cause of action to employees to collect benefits protected by ERISA. . . ." Fischman v.Blue Cross Blue Shield of Connecticut, 755 F. Sup. 528, 530 (D. Conn. 1990). Similarly, the United States Supreme Court ruled that causes of action "based on alleged improper processing of a claim for benefits under an employee benefit plan" met the criteria for pre-emption under § 1144(a). Pilot Life Insurance Co. v. Dedaux, supra, 481 U.S. 48.
In Pilot, the Supreme Court held that ERISA preempted the plaintiff's common law tort and contract actions. Pilot LifeInsurance Co. v. Dedaux, supra, 481 U.S. 47. Furthermore, the district courts in Connecticut have held that ERISA preempts CUTPA and CUIPA actions.[4] Fischman v. Blue Cross Blue Shield ofConnecticut, supra, 755 F. Sup. 528 (holding that ERISA preempts CUIPA claims); Cote v. Durham Life Insurance Company, supra,754 F. Sup. 18 (holding that ERISA preempts CUIPA and CUTPA claims).
In the present action, the plaintiff asserts several common law claims as well as CUTPA and CUIPA claims. Each of these claims alleges a cause of action which provides alternative remedies to ERISA's intended exclusive civil enforcement scheme. Moreover, the plaintiff's claims are based on the alleged improper processing of CT Page 14645 an employee benefit plan. Accordingly, the plaintiff's claims are preempted by ERISA and that Travelers is entitled to judgment as a matter of law.
The provisions of ERISA, which control the insurance policy in question, pre-empt the plaintiff's alleged causes of action. Therefore, the defendant's motion for summary judgment is granted.
LAWRENCE L. HAUSER, JUDGE