[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The original complaint in this action alleged that the plaintiff, Joseph Lozada, consulted with the defendant, Jorge A. Amador, a certified public accountant, in November of 1993 for certain accounting services related to the plaintiff's intention to open a convenience store at Park Place Towers in Hartford, Connecticut. Amador suggested to Lozada that he could save accounting fees by working with Amador through the defendant, Connecticut Small Business Development Center, a non-profit enterprise associated with the University of Connecticut, which provided free accounting services to eligible businesses. The complaint further alleged that Amador agreed to provide the plaintiff with a business plan that he could use to submit to financial institutions for the purpose of obtaining financing, that Amador agreed to provide the plan by March, 1994, but did not produce the plan until July, 1994. The plan which was produced is alleged to have been poorly written and "below minimum standard work product."
The plaintiff completed the business plan on his own, according to the allegations of the complaint. The complaint further alleged that due to Amador's delay "it is unclear whether the space [for the convenience store] will still be allotted to the plaintiff."
The original complaint was in five counts. The First Count, which alleged that the plaintiff had suffered a loss of twelve months of income as a result of the defendants' delay, the Third Count, which alleged that the defendants' delay had "resulted in serious emotional distress" to the plaintiff, and the Fifth Count, which alleged a violation of Connecticut Unfair Trade Practices Act, Connecticut General Statutes § 42-110a, et seq.(CUTPA), were ordered stricken by this court, Allen, State Trial Referee, on June 12, 1995. Thereafter, this court, Hale, Judge Referee, granted the Motion to Dismiss of the defendant, Connecticut Small Business Development Center. CT Page 4186-FFF
Amador has moved for a summary judgment on the two remaining counts of the complaint, Count Two, which alleges negligence and Count Four, for breach of contract. In support of his Motion, Amador has produced documents which show that in December, 1994 Lozada made application to Shawmut Bank for a loan of $150,000 and a line of credit of $25,000. By letter dated January 3, 1995 Shawmut Bank advised Lozada that his application had not been approved for the following reasons: insufficient cash flow liquidity; derogatory credit history; inadequate collateral; and lack of retail management experience.
The complaint alleges that Amador's delay may have caused the plaintiff to lose the lease he had arranged for his convenience store, and may have resulted in his inability to open the convenience store. However, documents submitted by both parties indicate that the plaintiff did open a convenience store. The defendant has submitted documents which indicate that on April 14, 1995, Shawmut Bank approved a loan to the plaintiff in the amount of $100,000. In the plaintiff's affidavit in opposition to this Motion, he admits that he was able to open his convenience store. Lozada does not object to or contest the contents of the aforementioned Shawmut Bank documents submitted by Amador.
Amador has also submitted a document entitled "Request for Counseling," which was signed by Lozada on January 14, 1994 when he sought assistance from the Small Business Administration, which contains the following language:
 I further understand that any counselor has agreed not to: (1) recommend goods or services from sources in which he/she has an interest and (2) accept fees or commissions developing from this counseling relationship. In consideration of SBA's furnishing management or technical assistance, I waive all claims against SBA personnel, SCORE, SBDC, and its host organizations, SBI, and other SBA Resource Counselors arising from this assistance.
Amador's affidavit states that he assisted the plaintiff as a Resource Counselor for the SBA and the Connecticut Small Business Development Center and never received any compensation from the plaintiff for any assistance provided to him.
In support of his Motion for Summary Judgment, Amador argues CT Page 4186-GGG 1) Lozada has not presented any evidence as to how Amador's alleged negligence or alleged breach of contract caused him to suffer any loss, 2) the alleged contract between the parties was not supported by any consideration, and 3) in consideration for Amador's free services, Lozada waived all claims arising from the assistance.
Summary judgment is a method of resolving litigation when "the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book 384; Burns v. Hartford Hospital, 192 Conn. 451,455, 472 A.2d 1257 (1984). Strada v. Connecticut Newspapers Inc.,193 Conn. 313, 316, 317, 477 A.2d 1005 (1984).
In his negligence claim against the defendant, the plaintiff must prove not only that injury occurred and that the defendant was negligent, but also that the defendant's negligence caused the injury. Katsetos v. Nolan, 170 Conn. 637, 654-55,368 A.2d 172 (1976); Labieniec v. Baker, 11 Conn. App. 199, 202,526 A.2d 1341 (1987). The Second Count of the complaint alleges malpractice against an accountant. There are four essential elements of a malpractice action: 1) the defendant must have duty to conform to a particular standard of conduct for the plaintiff's protection; 2) the defendant must have failed to act in accordance with that standard; 3) the plaintiff must suffer actual injury; and 4) the defendant's conduct must be the cause of the plaintiff's injury. Shelnitz v. Greenberg, 200 Conn. 58,65, 509 A.2d 1023 (1986); Pisel v. Stamford Hospital, 180 Conn. 314,334, 430 A.2d 1 (1980); Shenefield v. Greenwich HospitalAss'n, 10 Conn. App. 239, 248, 522 A.2d 829 (1987).
A party may recover contract damages for any loss that "`may fairly and reasonably be considered [as] arising naturally, i.e., according to the usual course of things, from such breach of contract itself.'" West Haven Sound Development v. West Haven,201 Conn. 305, 319, 514 A.2d 734 (1986), quoting from Hadley v.Baxendale, 9 Ex. 341, 354, 156 Eng. Rep. 145 (1854).
The defendant has produced evidence that Lozada's original loan request to Shawmut Bank was denied for reasons which appear to be independent of Lozada's business plan or lack thereof. The plaintiff has presented no evidence or explanation of the manner in which Amador's allegedly late and substandard business plan caused Shawmut to deny the original loan request. His possible CT Page 4186-HHH inability to open his convenience store was the injury alleged in the complaint. However, the plaintiff has opened his store.
"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . it [is nevertheless] incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists.' (Citations omitted; internal quotation marks omitted.)Wadia Enterprises, Inc. v. Hirschfeld, 224 Conn. 240, 247,618 A.2d 506 (1992); Connell v. Colwell, 214 Conn. 242, 251,571 A.2d 116 (1990). The mere presence of an adverse claim will not in itself defeat the motion. Wadia Enterprises, Inc. v. Hirschfeld,
supra, 247." Busconi v. Dighello, 39 Conn. App. 753, 762,___ A.2d ___ (1995).
"Demonstrating a genuine issue requires a showing of evidentiary facts or substantial evidence outside the pleadings from which material facts alleged in the pleadings can be warrantably inferred. United Oil Co. v. Urban RedevelopmentCommission, 158 Conn. 364, 378-79, 260 A.2d 596 (1969). A material fact is one that will make a difference in the result of the case. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578, 573 A.2d 699 (1990). To establish the existence of a material fact, it is not enough for the party opposing summary judgment merely to assert the existence of a disputed issue.Daily v. New Britain Machine Co., 200 Conn. 562, 569,512 A.2d 893 (1986); Lopez v. United Nurseries, Inc., 3 Conn. App. 602,606, 490 A.2d 1027 (1985). Such assertions are insufficient regardless of whether they are contained in a complaint or a brief. Kakadelis v. DeFabritis, 191 Conn. 276, 281, 464 A.2d 57
(1983). Further, unadmitted allegations in the pleadings do not constitute proof of the existence of a genuine issue as to any material fact on a motion for summary judgment. Paine WebberJackson Curtis v. Winters, 13 Conn. App. 712, 721,539 A.2d 595, cert. denied, 200 Conn. 803, 545 A.2d 1100 (1988)." NewMilford Savings Bank v. Roina, 38 Conn. App. 240, 244, 245,___ A.2d ___ (1995).
The plaintiff has argued that the parties' disagreement as to the quality of Amador's services constitutes a material issue of fact which is sufficient to defeat the Motion for Summary Judgment. It does not. The defendant has produced evidence that the plaintiff sustained no injury or damage as a result of the defendant's conduct. The plaintiff has not produced any evidence CT Page 4186-III to the contrary. If the defendant's conduct did not cause any injury or damage, then regardless of the nature of that conduct, the plaintiff cannot prevail on either of the remaining counts of the complaint.
A contract is generally not enforceable unless supported by consideration. E. Farnsworth, Contracts, § 2.9, p. 89 (1982); Corbin, Contracts, § 193, p. 188 (1963). Amador's affidavit states that he received no consideration for his services. The plaintiff does not dispute that. Instead the plaintiff attempts to argue that his detrimental reliance obviates the need for consideration. However, the Fourth Count of the complaint does not allege detrimental reliance. Rather, it alleges the defendant's breach of an express or implied contract.
The plaintiff has failed to address the waiver of his right to sue Amador. The issue of the validity of a waiver or release is generally one of fact for the trier. Donner v. Kearse,234 Conn. 660, 674, ___ A.2d ___ (1995). Once the proponent of a summary judgment motion presents evidence of a valid written waiver or release, the opponent of the motion must present some evidence of the invalidity of such a document. The plaintiff has failed to present any evidence or even any argument concerning the waiver. Therefore, the plaintiff's waiver of his right to sue the defendant constitutes an additional ground for granting the defendant's Motion.
For the foregoing reasons, the Motion for Summary Judgment is granted.
By the court,
Aurigemma, J. CT Page 4186-JJJ