[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned case comes before this court on cross motions for summary judgment filed by the plaintiff, AT T Communications, Inc. ("AT T") and by Bozzuto's Inc., Adam Bozzuto and Sal Gallitto ("Bozzuto's"). Both motions concern the scope and applicability of the "Call Before You Dig" statute, Connecticut General Statute §§ 16-346 and -349. At issue, among other things, is whether liability under the "Call Before You Dig" statute extends only to the contractor who operates the excavation equipment or also to the party who contracts to have the work performed. The revised complaint contained sixteen counts. The court, Thompson, J., granted a motion to strike (filed by defendants Corsetti Construction, Inc. and Ralph Corsetti) the sixth, seventh, eighth, ninth, tenth and eleventh counts. On August 3, 1993, the plaintiff filed an amended revised complaint containing eight counts.
The first two counts of that complaint are addressed to defendant Corsetti Construction, Inc. ("CCI"). The first count sounds in common law negligence: the plaintiff claims that CCI was hired by Bozzuto, Inc. to clean out a drainage plunge pool and that it failed to use due care in so doing and thereby severed a fiber optic cable, causing the plaintiff repair costs. In the second count, the plaintiff alleges statutory negligence: excavation at or near the location of a public utility underground facility without first ascertaining the location of the cable, in violation of § 16-346, -349 and -350.
The third and fourth counts are addressed to defendant Ralph Corsetti who is alleged to be the president of Corsetti Construction, Inc. The plaintiff makes the same claims of common law and statutory negligence against Mr. Corsetti as are made against CCI in Counts One and Two. CCI and Ralph Corsetti are collectively referred to herein as CCI. They have briefed all issues without raising any differentiation between themselves.
In the fifth count, the plaintiff alleges that defendant Bozzuto's Inc. was negligent in failing to warn its contractor, CCI, of the presence of and need to avoid damage to the cable. In the sixth count the plaintiff alleges statutory negligence in CT Page 5370-RRR violation of § 16-348 and -349-50.
In the seventh count, the plaintiff alleges that defendant Sal Gallitto, as an employee of Bozzuto's, Inc. was responsible for maintenance of the property and for securing the services of CCI to excavate the drainage plunge pool and that he was negligent in performing those duties in a manner that resulted in damage to the plaintiff's cable. In the eighth count, the plaintiff alleges that Mr. Gallitto violated § 16-348-350.
In summary, the plaintiff claims common law negligence and statutory negligence (noncompliance with the Call Before You Dig statute) as to CCI and its president and against Bozzuto's, Inc. and its employees.
The plaintiff has moved for summary judgment on the issue of liability as to all defendants.
Defendants Bozzuto's, Inc., Adam Bozzuto and Sal Gallitto have also moved for summary judgment as to the plaintiff's claims against them stated in the Fifth, Sixth, Seventh and Eighth Counts of the amended revised complaint. The plaintiff alleges common law negligence in two of these counts (fifth and seventh) and statutory liability pursuant to the Call Before You Dig statute in the other two (sixth and eighth counts).
Standard for Summary Judgment
Summary judgment may be granted only if it is clear what the facts are, there are no genuine issues as to any material fact, and the movant is entitled to judgment as a matter of law upon the undisputed facts. Practice Book § 384; Barrett v. DanburyHospital, 232 Conn. 242, 250 (1995); Water Way Properties v.Colt Mfg. Co., 230 Conn. 660, 664 (1994); Suarez v. DickmontPlastics Corp., 229 Conn. 99, 105 (1994); Silver v. Jacobs,43 Conn. App. 184, 188 (1996).
Undisputed Facts
The following facts are undisputed. Bozzuto's Inc. is a grocery wholesaler with a warehouse and truck terminal on Schoolhouse Road in Cheshire. Its property abuts railroad tracks along which the plaintiff has run an underground telephone cable. A small pond or storm water collection basin, referred to by the parties as a plunge pool, is located at the edge of Bozzuto's CT Page 5370-SSS property adjoining the track and the cable. The plunge pool collects drainage water which flows into it through pipes and out of it through a culvert under the railroad tracks.
In the spring of 1990, Bozzuto's experienced blockage of the pipes into the plunge pool and hired CCI to remove sand and silt from the plunge pool. A CCI employee, Benjamin Henderson, operated a backhoe excavator at the plunge pool, using the bucket of that machine to extract sand and silt from the pool. After Henderson had removed some material from the plunge pool, the plaintiff's remote detector equipment alerted it that there was a break in its fiber-optic telecommunication cable. A helicopter located the operator of the backhoe. Further investigation revealed a cut in the cable where CCI; had been operating.
CCI had done excavation work on the Bozzuto property in the past and had conferred with AT T to avoid damaging its equipment on the property. The property was marked with AT T warning poles.
The plaintiff has not alleged that Bozzuto's itself performed any excavation but only that it hired CCI to do so on its behalf in order to remedy a back-up problem it was experiencing with the drainage system. The plaintiff further alleges that one of Bozzuto's employees showed CCI's backhoe operator where the plunge pool was and explained that the task to be performed was to clean mud out of the pipe but did not warn CCI of the presence of hidden utility cables or remind it to make inquiry.
Claims Against CCI
 A. Common Law Claims
The plaintiff alleges that CCI and Ralph Corsetti, its president, were negligent in operating a backhoe in the plunge pool without ascertaining the location of the plaintiff's cable either by contacting the plaintiff, heeding warning poles, or inquiring of Bozzuto's about the location of the cable before beginning work; by using a backhoe rather than shovels when it knew or in the exercise of due care should have known of the existence of the cable; and by failing to keep a reasonable and proper lookout. The plaintiff alleges that this negligence caused the cable to be severed.
CCI and its president are represented by the same counsel, CT Page 5370-TTT and they have not differentiated themselves or their liability for the purpose of this motion. The material submitted by the plaintiff, to which no objection was made, indicates that CCI had done work on the property before, knew that the plaintiff had subsurface cables on the property, and had worked with the plaintiff to locate and avoid damage to its cable in the past but on the occasion at issue did not call the plaintiff or otherwise try to locate the cable before using a backhoe in the plunge pool. These defendants do not claim that any evidence exists to suggest that the cable was damaged by any cause other than the operation of the backhoe in the plunge pool.
They claim that summary judgment should not be granted on the common law claims only for the following reasons.
1. CCI and Ralph Corsetti claim that in order to be entitled to summary judgment, the plaintiff must present facts that establish "that the fiber optic cable would not have been cut if the employees of Corsetti Construction Inc. had called Call Before You Dig."
The plaintiff has presented documentary evidence including a map showing the location of the cable and testimony concerning the immediate response of AT T to requests to locate the cable on other occasions. CCI has presented no evidence of any kind to support its theory that AT T would not have been able to identify the location of the cable in order to avoid damage to it had CCI called for such information.
It is well settled that a party opposing summary judgment "must substantiate its adverse claim by showing that there is a genuine issue of material fact, together with the evidencedisclosing the existence of such an issue. Trotta v. Branford,26 Conn. App. 407, 410 (1992) [emphasis supplied], citing Practice Book §§ 380, 381; Burns v. Hartford Hospital, 192 Conn. 451,455 (1984).
A party opposing a motion for summary judgment "must recite specific facts . . . which contradict those noted in the [movant's] affidavits and documents. Farrell v. Farrell,182 Conn. 34, 39-40 (1980); Bassin v. Stamford, 26 Conn. App. 534
(1992).
"To establish the existence of a material fact, it is not enough for the party opposing summary judgment merely to assert the existence of a disputed issue. Daily v. New Britain MachineCT Page 5370-UUUCo., 200 Conn. 562, 569, 512 A.2d 893 (1986); Lopez v. UnitedNurseries. Inc., 3 Conn. App. 602, 606, 490 A.2d 1027 (1985). Such assertions are insufficient regardless of whether they are contained in a complaint or a brief. Kakadelis v. DeFabritos,191 Conn. 276, 281, 464 A.2d 57 (1983);"Trotta v. Branford, 26 Conn. App. 412.
CCI has not identified any facts on which a jury could base a finding that the damage to the cable would have occurred even if it had made reasonable efforts to ascertain the location of the cable, and the submissions by the plaintiff are sufficient to establish that the plaintiff would have been able to locate and avoid damage to the cable had it been advised of the project.
2. CCI further claims that summary judgment should not be granted because damage to the cable would not have occurred if it had been encased in cement or marked in a different manner. In essence, this point concerns a claim of comparative negligence by the plaintiff. Since, however, these defendants have filed no special defenses alleging that AT T was negligent, this claim is not cognizable as an issue precluding summary judgment, since it does not relate to any issue raised in the pleadings.
3. The only other claim of these defendants is that expert testimony is required to establish that they were negligent and that their negligence proximately caused the plaintiff's damages. The facts submitted by the plaintiff include testimony by CCI's principals indicating the need to investigate conditions in the area where digging is to be done to avoid damaging unseen public utility equipment. The defendants have submitted nothing to suggest that the standard of care for operation of heavy equipment is different from what their own principals have stated.
It is important to note that the objections set forth above are the only objections that the CCI defendants have raised. It is axiomatic that this court may not supply; objections on behalf of a party or rule on the basis of objections never articulated by the parties themselves.
The plaintiff has established what the facts are. The defendants do not even argue that those facts do not constitute proof of negligence and they have submitted nothing to show that the facts are in dispute or that there are facts on which a jury could base a finding that they were not negligent or that their CT Page 5370-VVV negligence was not a substantial factor in causing the cable to be severed. While the Supreme Court has noted (in a case not relied on by the defendants) that "[i]ssues of negligence areordinarily not susceptible of summary adjudication but should be resolved in the ordinary manner." [emphasis supplied]. Fogarty v.Rashaw, 193 Conn. 442, 446 (1984), citing Spencer v. Good EarthRestaurant Corporation, 164 Conn. 194, 199 (1972), in those cases the movant had not presented facts to establish that the defendant had a reasonable opportunity to avoid causing damage. In the case before this court, it is uncontested that the defendants had the time to inquire about utility equipment, that there were reliable sources of information about it, and that they had prior experience with taking just such precautions.
Summary judgment is not appropriate as to negligent claims if the harm could have occurred for some reason other than negligence, as in the instantaneous events and judgments involved in motor vehicle collisions. The case before this court involves no such uncertain duty or contested ability to conform to a duty of care. The defendants have not even claimed that they lacked the opportunity to investigate whether the cable that they had encountered in prior work on the same property passed through the area of the plunge pool project. The case is not, because of its nature and factual background, akin to the "ordinary" negligence issues set forth in the cases cited above, and the defendants have not even asserted that these cases apply to the actual situation and claims presented here. The court finds that a reasonable jury applying the applicable legal principles to the undisputed facts could come to no conclusion other than that CCI was negligent and that its negligence caused the damage complained of.
B. Statutory Claims
The plaintiff has also moved for summary judgment on its claim that the Corsetti defendants violated the Call Before You Dig statute, General Statutes § 16-346 et seq.
That statute provides that "[n]o person . . . shall engage in excavation . . . at or near the location of public utility facilities . . . without having first ascertained the location of all underground facilities of public utilities in the area of such excavation . . . in the manner prescribed in this chapter and in such regulations as the department shall adopt pursuant to section 357." CT Page 5370-WWW
The CCI defendants note that this statute applies only to persons who "engage in excavation," not to other uses of heavy equipment. The facts are in dispute on this issue.
The CCI witnesses had testified that they were clearing silt from a pipe and did not dig into the pool bed below the pipe. The wording of the statute indicates that the statutory precautions and liabilities apply only to "excavations" that damage underground utilities. If the cable at issue were not underground but only under the surface of the, water in the pool, it is not at all clear from the wording of General Statutes §§ 16-346-354 that CCI would be liable pursuant to the statute on which the plaintiff relies.
The legislative definition of "excavation" in § 16-345(e) is in applicable part as follows:
 "Excavation" means an operation for the purpose of movement or removal of earth, rock or other materials in or on the ground, or otherwise disturbing the subsurface of the earth, by the use of powered or mechanized equipment. . ."
The facts are in dispute as to whether CCI disturbed "the subsurface of the earth" and whether the cable lay along the surface of the earth at the bottom of the pond or elsewhere below the surface of the water but not below the surface of the earth.
It is well established that a party seeking summary judgment has the burden of showing what the facts are and that the facts entitle the movant to judgment as a matter of law. Suarez v.Dickmont Plastics Corp., 229 Conn. 99, 105 (1994); D.H.R.Construction Co. v. Donnelly, 180 Conn. 430, 434 (1980). Damage to the cable from "excavation" has not been established by the submissions of the plaintiff, and the applicability of the Call Before You Dig statute therefore cannot be determined. For that reason, the motion for summary judgment as to the claim of statutory liability must be denied.
Claims Against Bozzuto's
 Common Law Claims
There are cross motions for summary judgment as to AT T's common law negligence claims against Bozzuto's. Those claims are CT Page 5370-XXX that Bozzuto's was negligent in failing to worn CCI of the presence of the cable, failing to supervise work in the area of the cable, failing to call the plaintiff to ascertain the location of the cable; and failing to heed warning poles concerning the presence of the cable.
It is disputed whether the duty of care to discover hidden public utility facilities is a duty that is exclusive to the contractor who operates heavy equipment or whether it continued to apply to the party that contracts for such services to be performed. In its cross motion, Bozzuto's asserts that the undisputed facts establish that it did not work directly in the plunge pool. The claims of common law negligence are not, however, based on direct operation of the heavy equipment but on failure to advise the contractor of the presence of cable or to supervise the work.
No party has presented facts to establish that all responsibility for the project was turned over to or assumed by CCI by contract or otherwise. Sal Gallitto, a Bozzuto's employee, testified that AT T had given Bozzuto's annual notice of the need to call before digging and that Bozzuto's had itself called for digging permits on some occasions. The facts presented by the plaintiff are to the effect only that CCI was performing work at the request of Bozzuto's. According to the principles set forth above, in the absence of undisputed facts concerning the scope of the delegation or allocation of duties, this court cannot find that either liability or non-liability for negligence has been established as a matter of law as to Bozzuto's.
Statutory Claims
The parties have likewise both moved for summary judgment on the claims of statutory liability pursuant to the Call Before You Dig statute. Bozzuto's claims that the statute is applicable only to contractors who actually perform the excavating, not to the parties who contract for the excavation to be done, and that it cannot be held to be liable for CCI's breach of its obligation to comply with the statute. AT T claims that the statute applies to those who have others perform excavation and who direct where the excavation is to occur.
AT T's motion for summary judgment as to the statutory claim must be denied for the reasons set forth with regard to the statutory claim against CCI: the plaintiff has failed to prove CT Page 5370-YYY that the cable was severed by subsurface "excavation."
Bozzuto's cross motion raises a legal issue: whether the Call Before You Dig statute imposes liability on those who contract to have excavation performed or only on those who perform the work. General Statutes § 16-346, as cited above, provides that "No person, public agency or public utility shall engage in excavation. . . ." General Statutes § 16-349 provides that "[a] person, public agency or public utility responsible for excavating . . . at or near the location of public utility facilities . . . shall notify the central clearinghouse of such proposed excavation, . . . orally or in writing, at least two full days, excluding Saturdays, Sundays, and holidays, but not more than thirty days before commencing such excavation. Bozzuto's claims that the statute imposes obligations only on excavators, not on those who contract to have excavations performed.
The text of the statute clearly does not limit coverage to excavators but extends to a "person" who is "responsible for excavating."
The statutory definitions, set forth in § 16-345, define "person" as that word is used in Chapter 293 as "an individual, partnership, corporation or association, including a person engaged as a contractor by a public agency but excluding a public agency." This definition does not explicitly limit liability to contractors or those who directly perform, the excavation, and there is no statutory definition of the phrase "engage in excavation;" however, "excavation" is defined as "an operation for the purpose of movement or removal of earth, rock or other materials in or on the ground, or otherwise disturbing the subsurface of the earth, by use of powered or mechanized equipment . . . excluding the movement of earth by tools manipulated only by human or animal power and the tilling of soil for agricultural purposes."
This definition, on its face, indicates that to be "engaging in excavation" a person must actually be conducting "an operation" to move or disturb earth and must be using powered or mechanized equipment. The definition does not define excavation as including contracting with or directing others to use powered equipment; rather, the definition describes only direct activities in using powered equipment and moving earth.
The plaintiff has not asserted that Bozzuto's "engaged in an CT Page 5370-ZZZ operation" to move earth with powered equipment but only that it hired an excavation company to do so. Since the "operation" within the terms of the statute was CCI's, not Bozzuto's, the wording of the statute does not appear to impose liability on Bozzuto's.
In construing any statute, the courts seek to ascertain and give affect to the apparent intent of the legislature. UnitedIlluminating Co. v. Groppo, 220 Conn. 749, 755 (1992). It is a well-established principle of statutory construction that legislative intent as to the meaning of scope of a statute is to be determined by an analysis of the language actually used in the legislation. Vaillancourt v. New Britain Machine/Litton,224 Conn. 382, 391 (1993); Caltabiano v. Planning ZoningCommission, 211 Conn. 662, 666 (1989).
As is indicated above, the words of the statute impose obligation in persons who are engaging in an operation to move or remove earth by the use of powered or mechanized equipment. Since "person" includes a corporation or partnership, the statute covers the situation in which an employee of a corporation operates the equipment; however, the statute does not, by its explicit wording, impose obligations on a person or corporation that secures the services of an excavator to move earth with powered equipment but puts the obligation on the entity conducting the operation by using the equipment.
Bozzuto's has referred the court to legislative history in which legislators referred to the statute as imposing requirements on contractors. H.R. Rep Senate Bill 219, April 1, 1987 at 2470, 2471.
In enacting regulations to effectuate this statute, the Department of Public Utilities has construed it as applying to contractors who directly perform excavation activities. Conn. Agencies Reg. § 16-345-1(a).
Recognizing a limitation on the scope of statutory liability does not relieve those who contract for excavation services from all liability. Where, as in this case, it is alleged that they were negligent in directing the contractor or in other ways, the non-applicability of the Call Before You Dig statute does not effect their liability for common law negligence, since there is no indication that the statute is a plaintiff's exclusive remedy. Accordingly, this court's reading of the words of the statute CT Page 5370-AAAA does not make the statute ineffective: its effect extends, rather, only to those who actively perform the excavation. If the legislature had meant the statute to impose liability on those for whose benefit or at whose direction excavations are performed, it could easily have expressed such wider coverage, for example, by defining "excavation" as "operating or securing the services of another to operate."
Since the plaintiff has alleged only that Bozzuto's engaged CCI to excavate, it has not alleged conduct by Bozzuto's that is within the scope of § 16-348-50, and Bozzuto's is entitled to judgment as a matter of law on claims invoking that statute.
Conclusion
The plaintiff's motion for summary judgment is granted against the CCI defendants, as to counts one and three as to liability only and denied as to counts two and four.
The plaintiff's motion for summary judgment is denied as to the fifth, sixth, seventh and eighth counts, which are addressed to the Bozzuto's defendants.
The cross motion for summary judgment filed by Bozzuto's Inc., Adam Bozzuto and Sal Gallitto is granted as to counts six and eight.
Beverly J. Hodgson Judge of the Superior Court