[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ARTICULATION
Plaintiff's Motion for Articulation dated November 30, 2002 is granted to the following limited extent for the time being.
Attorney Moynahan and Cheryl Heffernan, a former associate of the law firm of Moynahan, Ruskin, Mascolo Minnella ("MRMM"), represented Douglas McCarroll, the plaintiffs' son, in a federal criminal drug case. The McCarrolls provided a $10000 retainer and signed a fee agreement for any balance that may be due. Ms. Heffernan represented Douglas McCarroll at trial and he was ultimately convicted. There was an unpaid balance of $35,823.59 for legal fees, most of which was due to the trial. The McCarrolls refused to pay and Attorney Moynahan and MRMM sued the McCarrolls for the unpaid balance of the fee agreement.
A prejudgment remedy ("PJR") hearing commenced before Judge A. Susan Peck. The PJR was contested and there was a full evidentiary hearing. Attorney Bruce Corrigan, the plaintiffs' counsel in the present case, represented the McCarrolls at the PJR hearing. On November 18, 1996, Judge Peck granted the PJR based on a finding of probable cause and likelihood of success on the merits.
Subsequently, a bench trial before Judge Robert McWeeny resulted in a verdict for the McCarrolls. The McCarrolls initiated the present vexatious litigation action against Attorney Moynahan and MRMM after Judge McWeeny's decision.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49 (1998). See also, Home Ins. Co. v. Aetna Life Casualty Co., 214 Conn. 573,578, 573 A.2d 699 (1990); Zichichi v. Middlesex Memorial Hospital,204 Conn. 399, 402, 528 A.2d 805 (1987). "Summary judgment is warranted CT Page 15845 where, by applying the established facts and viewing the evidence in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion but that the movant is entitled to judgment as a matter of law." Sheridan v. Board of Education,20 Conn. App. 231, 239, 565 A.2d 882 (1989). "The test is whether a party would be entitled to a directed verdict on the same facts . . ." Haeschev. Kissner, 229 Conn. 213, 217, 640 A.2d 89 (1994) (Citations omitted; internal quotation marks omitted.)
"Although the party seeking summary judgment has a burden of showing the non-existence of any material fact[,] a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Connell v. Colwell, 214 Conn. 242, 246,571 A.2d 116 (1990) (Citations omitted; internal quotation marks omitted.) The adverse party must respond by reciting contradictory admissible facts that demonstrate the existence of some disputed material issue. Hammer, 214 Conn. at 578-79. It is not enough for the opposing party merely to assert the existence of a disputed issue. Id. Bald statements that a question of fact exists do not constitute acceptable proof. Lopez v. United Nurseries, Inc., 3 Conn. App. 602, 606, 490 A.2d 1027
(1985).
There are four elements that a plaintiff must prove in a claim of vexatious litigation. Under Connecticut law, a plaintiff is required to prove that: (1) the defendant initiated or procured the institution of proceedings against the plaintiff; (2) those proceedings terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice. See, generally, Osp, Inc. v. TheAetna Casualty and Surety Co., 256 Conn. 343 (2001).
"In a vexatious suit action, the defendant is said to have acted with `malice' if he acted primarily for an improper purpose; that is, "for a purpose other than that of securing the proper adjudication of the claim on which [the proceedings] are based'; 3 Restatement (Second), Torts § 676. . . . Thus, while malice may be inferred from the lack of probable cause, lack of probable cause may not be inferred from malice." (Citations omitted.) DeLaurentis, 220 Conn. at 256 n. 16. See also,Ancona v. Manafort Brothers, Inc., 56 Conn. App. 701, 710, 746 A.2d 184, cert. denied, 252 Conn. 954 (2000) (Court affirmed trial court's judgment for defendant where plaintiff failed to prove lack of probable cause and malice.)
The plaintiffs' complaint asserts mere conclusions of law that Attorney Moynahan and MRMM commenced this action "with a malicious intent unjustly CT Page 15846 to vex and trouble plaintiffs." (Complaint, Count 1, ¶ 6.) Indeed, by her own testimony, Ms. McCarroll was unable to identify any malicious acts of Attorney Moynahan and MRMM in bringing the action against them for payment of their son's legal fees. See, relevant portions of Bernice McCarroll deposition transcript, dated November 19, 2001 at 76-77, attached to defendant's Memorandum of Law dated 10-2-02.
Mr. McCarroll testified that Attorney Moynahan and MRMM sued the McCarrolls solely to collect outstanding legal fees pursuant to the fee agreement.
 Q So why else were they suing? Were they suing for any other reason besides getting monetary damages?
A That was enough, monetary damages.
Q That's what they were looking for; right?
A Yeah.
Q They weren't suing for anything else?
A No.
See, Richard McCarroll deposition transcript, dated November 19, 2001 at 83, attached to defendant's Memorandum of Law dated 10-2-02. Hence, Mr. McCarroll's own testimony supports that Attorney Moynahan and MRMM did not act with malice. Rather, they acted solely to secure an adjudication of a legitimate claim for attorneys' fees. See, DeLaurentis,220 Conn. at 256 n. 16; Ancona, 56 Conn. App. 710.
The Court credits the testimony of the plaintiffs.
There was not a shred of evidence presented by the plaintiffs to the Court that would allow any trier of fact to find malice.
Judge Peck's ruling following a fully contested evidentiary hearing under General Statutes § 52-278d evidences her finding, as required by statute, that probable cause existed with regard to Mr. Moynahan's claim against the plaintiff in the prior action. This Court, while perhaps not bound by her finding, is clearly informed by it.
 ___________________ DUBAY, J.
CT Page 15847