ANDREW D. KIRWAN *v*. STATE OF CONNECTICUT ET AL.

HOUSE, C. J., LOISELLE, MACDONALD, BOGDANSKI and LONGO, Js.

Argued December 10, 1974—decision released May 27, 1975

*David B. Salzman,* for the appellant (plaintiff).

*Bruce W. Manternach,* with whom, on the brief, was *Jack S. Kennedy,* for the appellee (defendant Institute of Living).

LONGO, J. The plaintiff instituted this action in two counts to recover damages for false imprisonment and negligent medical attention, arising from his commitment to a mental institution in 1941.

One of the defendants, the Hartford Retreat, now known as the Institute of Living, hereinafter Institute, filed a special defense claiming that the plaintiff's action is barred by the Statute of Limitations since the alleged acts of the Institute did not occur within three years or six years next before the commencement of the action. In an affirmative reply to this defense the plaintiff claimed that any statute of limitations which might apply was tolled because of the plaintiff's unsound mind and his

false imprisonment. The trial court sustained the Institute's demurrer to the plaintiff's affirmative reply and, the plaintiff having failed to plead over, judgment was rendered in favor of the Institute. *Kirwan* v. *State,* 31 Conn. Sup. 46, 320 A.2d 837. This appeal is from that judgment.

The correctness of a ruling sustaining a demurrer is determined upon the basis of the facts which may properly be proved under the allegations demurred to; *Rutt* v. *Roche,* 138 Conn. 605, 608–609, 87 A.2d 805; and these are to be given the same favorable construction that the trier would adopt in admitting evidence. *McNish* v. *American Brass Co.,* 139 Conn. 44, 48–49, 89 A.2d 566, cert. denied, 344 U.S. 913, 73 S. Ct. 336, 97 L. Ed. 704.

The complaint alleges the following: In August, 1941, the plaintiff, a resident of the state of New York, was lured into Connecticut and committed to the Institute pursuant to an order of the Probate Court for the district of Hartford, "to be confined while said mental illness continues, or until he shall be discharged in due course of law." Despite the plaintiff's repeated requests to be released and returned to New York, he was kept under close supervision and restraint at the Institute against his will until July 20, 1942, when he was transferred, successively, to two privately owned asylums in Connecticut, where he remained until August 11, 1967, and then was transferred to a hospital located in the state of New York. He was released March 6, 1972, after a court in that state so ordered. The plaintiff, who is now deceased, instituted this action by complaint dated February 7, 1973.

Neither of the relevant Statutes of Limitations[1] makes provision for tolling in the case of insane persons. While it must be admitted that this omission is unusual in the light of the fact that in at least forty-six states there is provision for tolling; see statutes cited in 4 Am. Jur. Trials 602, Statutes of Limitation, appendix fig. 7; and that its absence may work hardship, it is not the function of this court to pass upon the merit of legislation. *Kennedy* v. *Johns-Manville Sales Corporation,* 135 Conn. 176, 179, 62 A.2d 771. Suffice it to say that the omission of a tolling provision in these sections of the General Statutes is highlighted by the inclusion of tolling provisions in another section;[2] hence, we must assume that the differences were intentional and that the legislature did not intend insanity necessarily to toll the Statute of Limitations. *Lametta* v. *Connecticut Light & Power Co.,* 139 Conn. 218, 92 A.2d 731, and see cases cited therein. It is clear

[1] General Statutes § 52-584, entitled "Limitation of action for injury to person or property," provides, in pertinent part: "No action to recover damages for injury to the person, . . . caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, . . . hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of . . . ."

General Statutes § 52-577, entitled "Action founded upon a tort," provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."

[2] The action clearly sounds in intentional tort and in negligence. Hence the contract Statute of Limitations, § 52-576, which provides that in actions for account or on simple or implied contracts "persons legally incapable of bringing any such action at the accruing of the right of action may sue at any time within three years next after becoming legally capable of bringing such action," does not apply.

that the plaintiff's insanity does not toll the Statute of Limitations, any more than a person's ignorance that a cause of action exists saves him from the operation of limitations. *Kennedy* v. *Johns-Manville Sales Corporation,* supra, 179. Consequently, the plain meaning and intent of the statute bars the plaintiff's negligence claim in the absence of any allegation that the Institute fraudulently concealed from him the existence of a cause of action. See General Statutes § 52-595; *Rosenblatt* v. *Berman,* 143 Conn. 31, 40, 119 A.2d 118.

The plaintiff claims that the Statute of Limitations should not have run while he was insane, raising in his brief for the first time the possibility that he was under disability. If the plaintiff were legally incompetent to sue or his access to the courts were impaired, the statute could not commence the limitations period running until he regained his legal competency; otherwise, through no fault of his own, he could be barred from any redress and thus become a legally helpless and vulnerable target for any careless or malicious person. See *Hobart* v. *Connecticut Turnpike Co.,* 15 Conn. 145, 148. Furthermore, in no case does the law deprive an insane person or a person under a disability of access to the courts in order to seek redress, but a court may make provision to insure that such person's interests are well represented. See, e.g., General Statutes §§ 17-201 (habeas corpus),[3] 45-75 (conserva-

---

[3] First enacted as chapter 162 of the 1889 Public Acts. Since the plaintiff was committed, it cannot be argued that his remedy of habeas corpus was ineffective. Compare *Logan* v. *Arafeh,* 346 F. Sup. 1265 (D. Conn.), aff'd, sub nom. *Briggs* v. *Arafeh,* 411 U.S. 911, 93 S. Ct. 1556, 36 L. Ed. 2d 304, with comment, "The Mentally Ill in Connecticut—A Survey," 6 Conn. L. Rev. 303, 316–17.

tors), 45-54 (guardian ad litem), 52-175 (evidence); *Cole* v. *Jerman,* 77 Conn. 374, 380, 59 A. 425; *Neely* v. *Hogan,* 62 Misc. 2d 1056, 310 N.Y.S.2d 63, 69–70.

Thus, it is insufficient, for Statute of Limitations purposes, to allege merely that a party is insane. Absent an allegation, which must later be proved, that the insane person was or should have been adjudicated incompetent; annot., "Proof of unadjudged incompetency which prevents running of statute of limitations," 9 A.L.R.2d 964; or that he was prevented from pursuing his remedies by the tortious or illegal acts of the Institute, the complaint raises no issue as to the suspension of the operation of the Statute of Limitations, it being presumed that the plaintiff was competent and capable of pursuing his case in the courts. Annots., 24 A.L.R.2d 618 (Imprisonment); 166 A.L.R. 960 (Insane Persons).

The plaintiff in his brief contends that the course of treatment was terminated on March 6, 1972, when he was released from the hospital in New York. However, the Institute terminated its course of treatment on July 20, 1942, when the plaintiff was transferred. Absent an allegation—which must be later proven—that the other institutions were agents of the Institute or were engaged in a conspiracy with the Institute in a policy designed to avoid liability at the expense of proper therapy, no case can be made out for holding that the course of treatment afforded by the Institute extended to March 6, 1972. The court did not err in sustaining the Institute's demurrer to the plaintiff's affirmative reply.

There is no error.

In this opinion the other judges concurred.