Richard L. **SANDSTROM** on behalf of his son and legal ward Richard C. **SANDSTROM**

v.

**CHEMLAWN CORPORATION and Chemlawn Services Corporation.**

Civ. No. B–90–171(WWE).

United States District Court, D. Connecticut.

March 14, 1991.

Eric L. Reinken, Monroe Silverman, Wofsey, Rosen, Kweskin & Kuriansky, Stamford, Conn., Bertram M. Goldstein, Jeffrey S. Goldstein, Goldstein Hood & Assocs., Baltimore, Md., for plaintiff.

Constance L. Epstein, Howard Kohn Sprague & Fitzgerald, Hartford, Conn., Michael K. Yarbrough, Frost & Jacobs, Columbus, Ohio, for defendants.

EGINTON, District Judge.

## BACKGROUND

Plaintiff, Richard L. Sandstrom, ("Richard L.") commenced this action on behalf of his son and legal ward, Richard C. Sandstrom, ("Richard C.") against defendants ChemLawn Corp. and ChemLawn Services Corp. (collectively "ChemLawn"), seeking damages for injuries sustained by Richard C. allegedly as a result of exposure to pesticides used by defendants on lawns bordering plaintiff's home.

Defendants have moved for summary judgment, claiming that the action is barred by the statute of limitations. Plaintiff contends that the statute is tolled by virtue of the adjudged incompetence of Richard C. In addition, plaintiff contends that, since the limitations period runs from the time the plaintiff discovered or should have discovered the injury, the limitations period has not expired because, as a result of his incompetence, Richard C. has not and could not have discovered his injury. Finally, plaintiff claims that the statute did not begin to run until Richard L. was appointed conservator and thus the lawsuit was timely filed.

For the reasons set forth below, defendants' motion for summary judgment will be denied.

## FACTS

The court finds the following material facts to be undisputed. Richard L. was aware of his son's injury was in April, 1984. Richard C. was adjudged incompetent on November 5, 1985. On that same day, Richard L. was appointed the legal guardian and conservator of his son by the Probate Court for the State of Maine. This action was filed on April 10, 1990.

## DISCUSSION

The complaint in this case sets forth a statutory product liability claim pursuant to Connecticut General Statutes § 52–572m, *et seq.* Thus, the case is governed by the statute of limitations set forth in C.G.S. § 52–577a, which provides in relevant part:

> No product liability claim ... shall be brought but within three years from the date when the injury ... is first sustained or discovered or in the exercise of reasonable care should have been discovered.

Accordingly, the applicable period of limitations in this case is three years.

### A. *Toll Of Statute For Adjudication of Incompetency*

■ Plaintiff first claims that the statute of limitations is tolled for a person who has been, or should have been, formally adjudicated incompetent. In support of this claim plaintiff cites *Kirwan v. State*, 168 Conn. 498, 502–503, 363 A.2d 56 (1975). In that case the Connecticut Supreme Court refused to toll where the plaintiff had not been adjudged incompetent. The court indicated that it would have reached a different result if facts had been pleaded which supported a finding that there had been or should have been such an adjudication. In this case, plaintiff has pled, and it is undisputed, that Richard C. was adjudged incompetent on November 5, 1985. Moreover, the *Kirwan* court noted that "a court may make provision to insure that such person's interests are well represented." *Id.* In this case, Richard L. was appointed legal guardian and conservator of Richard C. on the same day that Richard C. was adjudged incompetent. Thus, while ordinarily the adjudication of incompetency would have tolled the statute, *id.* at 502, 363 A.2d 56, in this case because the adjudication occurred simultaneously with the appointment of a conservator (pursuant to 18 A.M.R.S. 5–424 (1989)) to protect the interests of Richard C., the statute of limitations is not tolled. *See, e.g., Emerson v. Southern Railway Co.*, 404 So.2d 576 (Ala. 1981) (exception to the general rule where statute permits the guardian/trustee to bring an action); *see also* 51 Am Jur 2d § 89 (1970) (where right of action conferred upon guardian by statute, toll not applicable).

### B. DISCOVERY OF HARM

■ Plaintiff's second argument is that, even if there is no tolling for adjudicated incompetence, the action is not time barred because the relevant date for accrual of a cause of action for statute of limitations purposes is the date when the plaintiff knew or with reasonable diligence should have known that he had suffered actionable harm. *Hamilton v. Smith*, 773 F.2d 461 (2d Cir.1985). Plaintiff argues that the relevant inquiry is "when did Richard C. know or when should he have known that he had been tortiously injured by Chem-Lawn.?" Plaintiff contends that Richard C., due to his incompetence, has never been able to acquire the knowledge requisite for running of the statute of limitations.

Defendant responds that the knowledge of Richard L. as conservator should be imputed to Richard C. It is undisputed that Richard L. had knowledge of the injury to Richard C. as early as April 1984. Defendant contends that this knowledge commenced the running of the statute of limitations. The Court agrees that once Richard L. was appointed as conservator his knowledge of the injury could be imputed to Richard C., but effective only as of the date of appointment.

■ Plaintiff asks this Court to go even further, arguing that because the statute does not run until an injury is or should have been discovered and because, due to his incompetence, Richard C. did not and could not have discovered his injury,[1] the statute of limitations could never run. This might well be the correct result in a case where the interests of the incompetent were not protected. In a case such as this, however, where a conservator is appointed to protect the interests of the incompetent, the need for what is in effect a permanent toll on the statute of limitations is obviated and plaintiff's argument in this regard must therefore be rejected. *See e.g., Kirwan v. State*, 168 Conn. at 502, 363 A.2d 56.

■ Nevertheless, the Court does find that prior to the date of the appointment of Richard L. as conservator the Court must look to the knowledge of Richard C. to determine when and if the statute of limita-

---

1. Discovery of injury for statute of limitations purposes has been construed to mean knowledge by the plaintiff that he has suffered an "actionable harm". *Catz v. Rubenstein*, 201 Conn. 39, 513 A.2d 98 (1986). Actionable harm occurs when the plaintiff discovers, or in the exercise of reasonable care should have discovered the essential elements of a cause of action. *Lambert v. Stovell*, 205 Conn. 1, 6, 529 A.2d 710 (1987).

tions began to run.[2]  Construing all facts in the light most favorable to the non-movant, *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1987), the Court finds that there remains a genuine issue of material fact as to Richard C.'s knowledge of his injury prior to November 5, 1985.  This knowledge is material because if Richard C., due to his incompetence, had not or could not have discovered his injury then the statute of limitations would not have begun to run until November 5, 1985, the date when Richard L. was appointed conservator.  To succeed on their motion for summary judgment, the defendants must persuade the Court that uncontroverted facts show that Richard C. in fact had or should have had the necessary knowledge before June 21, 1984.  While defendants have demonstrated that Richard L. knew of the injury as early as April of 1984 they have provided no evidence whatsoever that Richard C. was ever aware of his injury or the causal connection between his injury and the defendants' products.  Indeed, the evidence suggests that Richard C.'s mental state grew increasingly poorer during the period of exposure to defendants' products and that as of August, 1984, Richard C. had regressed to the functioning level of a two and one-half year old child.  Thus the Court finds, for purposes of this motion, that Richard C. could have lacked the requisite knowledge of his injury to commence the running of the statute and the statute of limitations could have begun to run as late as November 5, 1985, the date Richard L. was appointed conservator.

If one calculates the three year period from November 5, 1985, the parties agree that the statute is tolled from June 10, 1986, when a class action was filed in the Eastern District of Pennsylvania, until January 26, 1988, when the class was decertified.  *See West Haven School District v. Owens–Corning Fiberglass Corp., et al.,* 721 F.Supp. 1547 (D.Conn.1988) (the statute of limitations for any member of a purported class action is tolled during the pendency of that action for any member of the purported class).  Thus, if the statute began running on November 5, 1985 and was tolled from June 10, 1986 through January 26, 1988 then the limitations period would have expired on June 21, 1990.  The complaint in this action was filed on April 10, 1990, over two months prior to the expiration of the statute of limitations.

### CONCLUSION

For the reasons set forth above, the defendants' motion for summary judgment is DENIED.

---

**2.** Defendants cite *Merly v. State,* 211 Conn. 199, 558 A.2d 977 (1989) for the proposition that, the failure of Richard L. to exercise reasonable care to protect the interest of Richard C. precludes him from claiming that Richard C.'s incompetency raises a genuine issue of material fact as to the running of the limitations period.  *Merly,* however, involved a wrongful death claim brought for the benefit of the survivors of the decedent upon whom the burden of discovery of the cause of death obviously rests.  This action on the other hand is brought on behalf of and for the benefit of Richard C. and although Richard L. could have commenced an action as next friend of his twenty-five year old son Richard C. even without a formal adjudication of incompetence, *Cottrell v. Connecticut Bank and Trust Co.,* 175 Conn. 257, 264, 398 A.2d 307 (1987), unlike the family of the decedent in *Merly* he was under no obligation to do so until he was formally appointed as his son's legal guardian and conservator.