[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS'[1]MOTION FOR SUMMARY JUDGMENT
FACTS
On October 31, 1993, the plaintiff, Melvin Washington, (hereafter "Washington") was placed under arrest by the defendant, Clayton Winslow, (hereafter "Winslow"), an officer of the Hartford, Connecticut police department, for interalia, violation of CGS § 14-227a, driving a motor vehicle while under the influence of alcohol or drugs. Washington's amended complaint dated July 16, 1997 essentially claims that he was arrested in violation of his civil rights and without probable cause, which can be categorized as a claim for false arrest,. Winslow has moved for summary judgment by motion dated September CT Page 12964 12, 1997. Washington has filed an objection to said motion dated October 17, 1997, and his own motion for summary judgment dated October 17, 1997. Winslow filed his opposition to Washington's motion for summary judgment, said opposition memorandum being dated November 4, 1997.
STANDARD OF REVIEW
A trial court may appropriately render summary judgment when the documents submitted demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law. Burns v.Hartford Hospital, 192 Conn. 451, 455 (1984); Bartha v. WaterburyHouse Wrecking Co., 190 Conn. 8, 11 (1983). Our Supreme Court has held that "[i]t is incumbent on a plaintiff to allege some recognizable cause of action in his complaint." Stavnezer v.Sage-Allen Co., 146 Conn. 460, 461 (1959).
A party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact. Dougherty v.Graham, 191 Conn. 248, 250 (1971). To satisfy this burden, the movant must make a showing that it is quite clear what the truth is and that there is no doubt as to the existence of a genuine issue of material fact. Plouff v. New York, New Haven and H.R.Company, 160 Conn. 482, 488 (1971).
ISSUES
I. IS THIS ACTION BARRED BY THE STATUTE OF LIMITATIONS?
It is undisputed that the arrest of the plaintiff, Washington, was made or October 31, 1993 and that the instant action for false imprisonment and violation of civil rights was commenced on May 30, 1997 by service upon the defendant, Winslow. This is in excess of the three year statute of limitations provided in CGS § 52-577 which states as follows:
"Action founded upon a tort. No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."
This is clearly the statute of limitations in this case. The allegations clearly sound in intentional tort and/or negligence.Kirwan v. State of Connecticut, et al, 168 Conn. 498, fn2, (1975). Lounsbury v. Jeffries, 25 F.3d 131, 134, Second Circuit CT Page 12965 (1994) provides that unless there is an explicit statutory provision that would apply to false arrest, every tort claim governed by a Connecticut statute of limitations is subject to § 52-577's three year period. There is no specific statutory provision relating to false arrest and the statute of limitations for same. Accordingly, it is a tort governed by CGS § 52-577. This is a three year statute which means that plaintiff, Washington, must have commenced the instant action on or before October 31, 1993. As stated above, this action was commenced on May 30, 1997, beyond the statute of limitations. Plaintiff contends that the statute of limitations was tolled and does not begin to run until the plaintiff discovers or through the exercise of due diligence would have discovered his injury and its cause. He states in his memorandum of law in opposition to defendant's motion for summary judgment that he became aware of his cause of action after filing a petition for a new trial dated October 28, 1996. This claim is not based upon any affidavit of the plaintiff, but is merely an unsupported allegation in the memorandum. Accordingly, there is no evidence that he did not become aware of his cause of action at the time when he claims he was falsely arrested (October 31, 1993). His allegation of the tolling of the statute of limitations on this basis, therefore, is without foundation. Plaintiff also claims that the statute of limitations does not apply because the defendant was guilty of fraudulent concealment of the plaintiff's cause of action. The plaintiff states in his memorandum that he has to show (1) he was ignorant of the right of action, (2) defendant intended that he be kept ignorant, and (3) defendant was guilty of some affirmative act of concealment. Assuming this is the standard, he has offered no evidence or affidavit to support requirements (2) and (3). Accordingly, there is insufficient evidence of fraudulent concealment and, therefore, that does not toll the statute of limitations.
Accordingly, the statute of limitation is a bar to this action.
II. DID THE DEFENDANT, WINSLOW, HAVE PROBABLE CAUSE TO ARREST THE PLAINTIFF, WASHINGTON?
It is undisputed that this was an arrest without a warrant. However, such an arrest is valid if there was probable cause to make the arrest, and the arrest can validly be made on the basis of speedy information. The parties have submitted affidavits and transcripts, and the defendant has submitted a certified copy of CT Page 12966 the police report. The police report by Officer Winslow shows that when he arrived at the scene, the operator of the other vehicle, Martin Lewis, stated that Washington was exiting 40 Edgewood Street, operating a 1993 Olds when Washington struck Lewis' vehicle. This is speedy information, and although it would be hearsay in the criminal trial, it is not hearsay in this case because it is not being considered for the truth of what Martin Lewis said to Officer Winslow but for the effect upon the hearer, Officer Winslow. That is not hearsay. Further, in the transcript of the criminal trial, during the cross-examination of Officer Winslow, he stated, under oath, on page 21 of the transcript that he found a lease agreement for the vehicle with Washington's name on it and that he found Washington's glasses in the car that Washington was driving. Further, he states that after personally speaking with the witnesses he determined that an accident had occurred and that Mr. Washington was the driver of the car. It does say that this was based upon his personal observations. However, there was no objection to that question and answer, and it is, therefore, admissible. The police report also states that when he, Officer Winslow, attempted to interview Washington, he observed that Washington had difficulty standing and had a strong odor of alcohol on his breath and had slurred speech. The liquor on his breath and the slurred speech clearly had nothing to do with where Washington was standing. Washington has claimed invalidity of the on site sobriety test because he, Washington, was standing on grass. However, the observation of alcohol on the breath and slurred speech, regardless of where he was standing, was sufficient to establish probable cause that he was under the influence of alcohol when he was driving the vehicle which Officer Winslow concluded he was driving in the accident as described above. Accordingly, from the facts, which are not in dispute, just mentioned, this court concludes that Winslow had probable cause to arrest Washington.
For all of the above reasons, the defendants' motion for summary judgment dated September 12, 1997 is granted as to all defendants. Also, Washington's motion for summary judgment dated October 17, 1997 is denied.
Rittenband, J. CT Page 12967