## EARL BEEBE *v.* TOWN OF EAST HADDAM
### (AC 16943)

Lavery, Landau and Hennessy, Js.

Submitted on briefs November 13, 1997—officially released March 10, 1998

*Bruce W. Diamond* filed a brief for the appellant (plaintiff).

*David J. Mathis* filed a brief for the appellee (defendant).

*Opinion*

LAVERY, J. The plaintiff, Earl Beebe, appeals from the summary judgment rendered by the trial court in favor of the defendant town of East Haddam (town). The sole issue on appeal is whether the statute of limitations was tolled during the time the plaintiff was incapacitated due to illness. We hold that the statute of limitations was not tolled during the plaintiff's illness and affirm the summary judgment of the trial court.

The following facts are relevant to this appeal. On September 11, 1993, the plaintiff was walking on the sidewalk adjacent to East Lane in the town. The plaintiff alleges that defects in the sidewalk caused him to fall and sustain certain personal injuries. By letter dated October 19, 1993, the plaintiff's attorney[1] gave notice of the defects and the plaintiff's injury to the town clerk, pursuant to General Statutes § 13a-149.[2] On May 19, 1995, the plaintiff was stricken with a life threatening illness and was hospitalized from that date until June 21, 1995, when he was transferred to a rehabilitation facility where he remained as an inpatient until some date in July, 1995.[3] The plaintiff claims that from May 19 until July 5, 1995, he was incompetent to confer with his attorney and to make decisions for himself. During that time, the plaintiff's wife made all decisions for him.

Prior to his becoming ill, the plaintiff, his attorney, and a representative of the town's insurance carrier had scheduled a meeting to discuss settlement of the plaintiff's claims against the town. The meeting was canceled due to the plaintiff's illness. The record reveals that the plaintiff's attorney sent the insurance carrier a demand letter dated August 28, 1995, which was modified by letter dated August 29, 1995. The insurance carrier apparently did not respond to the demand letter

---

[1] The plaintiff was represented by the same attorney for all matters relevant to and including this appeal.

[2] General Statutes § 13a-149 provides in relevant part: "Damages for injuries by means of defective roads and bridges. Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. No action for any such injury sustained on or after October 1, 1982, *shall be brought except within two years from the date of such injury.* No action for any such injury shall be maintained against any town . . . unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to . . . the clerk of such town . . . ." (Emphasis added.)

[3] The plaintiff's affidavit contains two different dates of discharge as an inpatient from the rehabilitation center. The discrepancy is irrelevant to the issue before us.

because the plaintiff's attorney sent a letter of inquiry dated October 9, 1995. By letter dated October 18, 1995, a representative of the insurance carrier informed the plaintiff's attorney that no settlement offer would be made because the statute of limitations had expired and the plaintiff had not commenced a lawsuit against the town.

The plaintiff commenced this lawsuit on October 25, 1995, when a deputy sheriff served the summons and complaint on the town clerk. The single count complaint is based on § 13a-149. It does not allege that the plaintiff was incompetent at any time. The town filed an answer and two special defenses to the complaint. The first special defense alleges that the plaintiff's claim is barred by "the applicable statute of limitations," and the second special defense alleges that the plaintiff's injuries and loss were due to his own carelessness and negligence. By motion dated July 29, 1996, the town moved for summary judgment based on the statute of limitations defense. The plaintiff filed both an objection to the motion for summary judgment on September 6, 1996, and a single general denial in response to the town's special defenses on November 18, 1996. On February 10, 1997, after hearing oral arguments at short calendar, the trial court granted the town's motion for summary judgment. This appeal followed.

On appeal, the plaintiff claims that the statute of limitations was tolled for forty-seven days from May 19 until July 5, 1995, because he was incompetent during that time. Because of his claimed incompetence, the plaintiff argues, the statute of limitations should be extended forty-seven days from the two-year anniversary date of his injury, September 11, 1993, until October 28, 1995. The plaintiff also claims that the trial court should have denied the town's motion for summary judgment because the question of his competency is a genuine issue of material fact. We disagree.

"Our standard of review of a trial court's decision to grant a motion for summary judgment is well established." *Zichichi* v. *Middlesex Memorial Hospital*, 204 Conn. 399, 402, 528 A.2d 805 (1987). Practice Book § 384 requires that judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A "material fact" is a fact that will make a difference in the result of the case. See *Hammer* v. *Lumberman's Mutual Casualty Co.*, 214 Conn. 573, 578, 573 A.2d 699 (1990). The facts at issue are those alleged in the pleadings. See *Plouffe* v. *New York, N.H. & H.R. Co.*, 160 Conn. 482, 489, 280 A.2d 359 (1971). The party seeking summary judgment "has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Internal quotation marks omitted.) *D.H.R. Construction Co.* v. *Donnelly*, 180 Conn. 430, 434, 429 A.2d 908 (1980). The party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. See Practice Book §§ 380 and 381. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.) *Connell* v. *Colwell*, 214 Conn. 242, 246–47, 571 A.2d 116 (1990). A motion for summary judgment "is properly granted if it raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact." *Perille* v. *Raybestos-Manhattan-Europe, Inc.*, 196 Conn. 529, 543, 494 A.2d 555 (1985).

I

Before we address the issue regarding the tolling of the statute of limitations, we examine the question of

the applicable statute of limitations. The complaint is in one count alleging in part that pursuant to § 13a-149, the town is liable for the injuries the plaintiff sustained. In its first special defense, the town alleges only that the plaintiff's cause of action "is barred by the applicable statute of limitations."[4] The town's motion for summary judgment also does not identify by number the statute on which the town relies in claiming that the plaintiff's action is time barred. The memorandum of law accompanying the town's motion for summary judgment, however, does identify General Statutes § 52-584[5] as the applicable statute of limitations. The trial court granted the town's motion for summary judgment pursuant to *Lopez* v. *United Nurseries, Inc.*, 3 Conn. App. 602, 605–606, 490 A.2d 1027 (1985). The statute of limitations at issue in *Lopez* was § 52-584.

In his brief to this court, the plaintiff notes for the first time that § 52-584 does not apply to a cause of action brought pursuant to § 13a-149 because § 13a-149 contains its own limitation of action provision. In its reply brief, the town agrees that § 13a-149 is the controlling statute, but points out that both statutes require a cause of action to be brought within two years.

"[W]here a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right . . . ."

[4] Although it is not mandatory, we note that the preferred manner of pleading is to identify specifically the number of the statute relied on; see Practice Book § 109A (a); so that the issue will be clarified for the benefit of all interested parties, including the court. See *Federal Deposit Ins. Corp.* v. *Bombero*, 37 Conn. App. 764, 768 n.9, 657 A.2d 668 (1995), appeal dismissed, 236 Conn. 744, 674 A.2d 1324 (1996); see also *Rowe* v. *Godou*, 209 Conn. 273, 275, 550 A.2d 1073 (1988).

[5] General Statutes § 52-584 provides in relevant part: "No action to recover damages for injury to the person . . . caused by negligence, or by reckless or wanton misconduct . . . shall be brought but within two years from the date when the injury is first sustained . . . ."

*DeMartino* v. *Siemon*, 90 Conn. 527, 528–29, 97 A. 765 (1916). Section 13a-149 is in derogation of the common law, and the limitation of time contained in the statute is controlling. " 'The conclusions reached by the court must stand unless they are legally or logically inconsistent with the facts found or unless they involve the application of some erroneous rule of law *material to the case.*' . . . *Lonergan* v. *Connecticut Food Store, Inc.*, 168 Conn. 122, 124, 357 A.2d 910 [1975]." (Emphasis in original.) *Morris* v. *Costa*, 174 Conn. 592, 597, 392 A.2d 468 (1978).

"Where the trial court reaches a correct decision but on mistaken grounds, this court has repeatedly sustained the trial court's action if proper grounds exist to support it." Id., 597–98. For the reasons given in part II, the case before us falls within the ambit of this rule of law.

## II

We now turn to the central issue on this appeal: whether the illness that befell the plaintiff on May 19, 1995, and rendered him incapable of conducting his affairs until July 5, 1995, tolled the statute of limitations for the intervening forty-seven days.

The relevant portion of § 13a-149 provides: "No action for any such injury sustained on or after October 1, 1982, shall be brought except within two years from the date of such injury. . . ." A lawsuit commences when a proper officer serves the plaintiff's summons and complaint on the defendant. See *Lacasse* v. *Burns*, 214 Conn. 464, 475, 572 A.2d 357 (1990). The plaintiff sustained injuries on September 11, 1993. To state a valid cause of action, the plaintiff had to commence his suit on or before September 10, 1995, unless the statute of limitations were tolled for some reason. Because we find no reason, in fact or law, for the statute

of limitations to have been tolled, the plaintiff's claims against the town are time barred.

The purpose of the statute of limitations is well settled in our law. "There are two principal reasons generally given for the enactment of a statute of repose: (1) it reflects a policy of law, as declared by the legislature, that after a given length of time a [defendant] should be sheltered from liability and furthers the public policy of allowing people, after the lapse of a reasonable time, to plan their affairs with a degree of certainty, free from the disruptive burden of protracted and unknown potential liability . . . and (2) to avoid the difficulty in proof and record keeping which suits involving older [claims] impose." (Internal quotation marks omitted.) *Sanborn* v. *Greenwald*, 39 Conn. App. 289, 305, 664 A.2d 803, cert. denied, 235 Conn. 925, 666 A.2d 1186 (1995). "[T]he policy of statutes of limitation includes promoting repose by giving security and stability to human affairs." (Internal quotation marks omitted.) *Beckenstein* v. *Potter & Carrier, Inc.*, 191 Conn. 150, 159, 464 A.2d 18 (1983). "[W]e will not deprive the defendants of the 'finality, repose and avoidance of stale claims and stale evidence' for which the statute of limitations was designed. *Connecticut Bank & Trust Co.* v. *Winters*, 225 Conn. 146, 157 n.20, 622 A.2d 536 (1993)." *McNeil* v. *Riccio*, 45 Conn. App. 466, 473, 696 A.2d 1050 (1997).

The plaintiff claims that the statute of limitations should have been tolled while he was hospitalized and unable to make decisions for himself. " 'The rule that the court will not read exceptions into [the] statute of limitations applies in the case of persons non compos mentis. Generally if there is no exception in favor of incompetents, the statute will run against claims in their favor the same as against claims of others not expressly mentioned in the exceptions of the statute.' 51 Am. Jur. 2d, Limitation of Actions § 186." *Lopez* v. *United*

*Nurseries, Inc.*, supra, 3 Conn. App. 605. Section 13a-149 makes no exception for minors or insane persons. We note that "[o]ther Connecticut statutes of limitations do provide exceptions [for incompetence]. General Statutes §§ 52-575, 52-576, 52-579 and 52-594." Id., 605 n.2.

While the absence of a tolling provision in § 13a-149 "may work hardship, it is not the function of this court to pass upon the merit of legislation. . . . Suffice it to say that the omission of a tolling provision in [this section] of the General Statutes is highlighted by the inclusion of tolling provisions in [other sections]; hence, we must assume that the differences were intentional and that the legislature did not intend [incompetence] necessarily to toll the Statute of Limitations." (Citation omitted.) *Kirwan* v. *State*, 168 Conn. 498, 501, 363 A.2d 56 (1975). Thus, this court is without authority to extend by forty-seven days the time in which the plaintiff could have commenced an action against the town.

The plaintiff's second claim is that his illness and claimed incompetence raise genuine issues of material fact, and that the trial court should have denied the town's motion for summary judgment. Because the court may not extend the statute of limitations even if there was evidence to support the plaintiff's claim of incompetence, we need not address the plaintiff's second claim.

The judgment is affirmed.

In this opinion HENNESSY, J., concurred.

LANDAU, J., concurring. I agree with the result reached by the majority. I write separately, however, because I believe the following additional analysis is necessary to reach the majority's conclusion.

The plaintiff claims, in part, that his illness and claimed incompetence raise a genuine issue of material fact. This claim is unfounded for the following reasons.

"If the plaintiff were legally incompetent to sue or his access to the courts were impaired, the statute could not commence the limitations period running until he regained his legal competency; otherwise, through no fault of his own, he could be barred from any redress and thus become a legally helpless and vulnerable target for any careless or malicious person. See *Hobart* v. *Connecticut Turnpike Co.*, 15 Conn. 145, 148 [1842]. Furthermore, in no case does the law deprive an insane person or a person under a disability of access to the courts in order to seek redress, but a court may make provision to insure that such person's interests are well represented. See, e.g., General Statutes §§ [17a-524] (habeas corpus), [45a-655] (conservators), [45a-132] (guardian ad litem), 52-175 (evidence) . . . ." *Kirwan* v. *State*, 168 Conn. 498, 502–503, 363 A.2d 56 (1975). "[O]ne whose thought processes are impaired to the extent of being insane has a legal capacity to sue or be sued, provided he has not been formally adjudicated an incompetent and placed under the guardianship of another. . . . The court may, as the circumstances warrant, appoint a guardian ad litem to ensure that the interests of the person who may be incompetent are adequately protected." (Citations omitted.) *Ridgeway* v. *Ridgeway*, 180 Conn. 533, 539, 429 A.2d 801 (1980).

The facts in the record clearly demonstrate that the plaintiff retained counsel to represent his interests against the town approximately one month after he was allegedly injured. The attorney knew of the plaintiff's illness just prior to the scheduled meeting with a representative of the town's insurance carrier. In his affidavit in support of his objection to the town's motion for summary judgment, the plaintiff attested that his wife made all decisions for him during the time in which he was unable to make them for himself. The plaintiff's wife attests in her affidavit, also in support of the objection to summary judgment, that she is a registered nurse

with extensive experience, that she recognized the seriousness of her husband's illness and that she made all decisions for her husband during his illness. The record contains no evidence that the plaintiff's wife or attorney took any steps to have the plaintiff adjudicated incompetent and to have a guardian appointed to protect his rights.

The plaintiff further claims that the affidavits filed in support of his objection to the town's motion for summary judgment raise a genuine issue of material fact and that the trial court should have held a hearing on the issue. See *Ridgeway* v. *Ridgeway*, supra, 180 Conn. 538. The plaintiff fails to distinguish pleadings from facts raised in an affidavit. "Affidavits are not pleadings, however, and a plaintiff cannot, under the guise of fortifying the complaint, present an entirely new cause of action or expand the scope of his cause of action by means of [an affidavit]. . . . The issue must be one which the party opposing the motion is entitled to litigate under his pleadings and the mere existence of a factual dispute apart from the pleadings is not enough to preclude summary judgment." (Citation omitted.) *Shuster* v. *Buckley*, 5 Conn. App. 473, 477, 500 A.2d 240 (1985). Under the facts of this case, we need not decide whether the statute of limitations would have been tolled if the plaintiff had pleaded incompetency in his complaint or as a reply to the town's first special defense alleging that the action was time barred.

Regardless of the plaintiff's claimed incompetence between May 19 and July 5, 1995, he makes no claim of incompetence for the two months immediately preceding the tolling of the statute of limitations. He was represented by an attorney who first acted on his behalf in October, 1993, and, in fact, signed a demand letter in August, 1995. There are no facts to explain why the plaintiff did not commence an action against the town

on or before September 10, 1995. Therefore, there exists no genuine issue as to any material fact and the motion for summary judgment was properly granted.