[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT #114
The plaintiffs, Marek Zajkowski, Malgorzata Zajkowski and Alicja Zajkowski by and through Marek Zajkowski, filed a six-count complaint against the defendants, International Institute of Connecticut, Inc. (IIC), Myra M. Oliver (Oliver) and Louisa Moura (Moura) on January 30, 1996. The plaintiffs allege that on or before November 5, 1992, Marek Zajkowski paid the defendants in exchange for receiving assistance in processing a visa application. Marek Zajkowski was instructed by the defendants to travel to Warsaw, Poland to obtain the visa, and on November 27, 1992, all of the plaintiffs went to Poland for this purpose. Due to a paperwork error, Marek Zajkowski did not get the visa, and was forced to remain in Poland until March 10, 1995. Malgorzata Zajkowski was forced to return to the United States without her husband, Marek Zajkowski, or child, Alicja Zajkowski. The plaintiffs allege in counts one and two that IIC breached its contract with the plaintiffs and was negligent. The plaintiffs allege in counts three and four that their injuries were caused by a paperwork error on the part of Oliver which constituted a breach of contract and negligence. The plaintiffs allege the same causes of action against Moura in counts five and six.
On January 22, 1998, Oliver filed a motion for summary judgment as to counts three and four of the plaintiffs' complaint. The plaintiffs filed a memorandum in opposition on April 13, 1998. The matter was heard by the court on April 13, 1998.[1]
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence CT Page 6899 of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]. . . ." (Internal quotation marks omitted.) Maffucci v. Royal Park Limited Partnership,243 Conn. 552, 554-55 (1998).
 A. Count Three: Breach of Contract
Oliver argues that the plaintiffs' breach of contract claims are barred by the three-year statute of limitations for oral contracts, pursuant to General Statutes § 52-581.[2] Oliver notes that the plaintiffs have failed to allege that the purported contract was ever reduced to writing. Since the alleged breach occurred on or before January 1, 1993, and the plaintiffs' action is dated January 18, 1996, Oliver argues that the breach of contract claims are barred. In addition, Oliver argues that at his deposition, Marek Zajkowski admitted that Oliver was not negligent in processing his visa application, and so she could not have breached any existing contract.
The plaintiffs argue that § 52-581 is not the applicable statute of limitations, because the parties' contract is evidenced by writings. The plaintiffs contend that the proper statute of limitations is found in § 52-576,[3] which provides a six-year limitation for written contracts. The plaintiffs have produced as evidence that the contract was written two payment stubs from the plaintiff to the IIC.
Section 52-581 imposes a three-year limitation only on actions brought on executory oral contracts. Tierney v. AmericanUrban Corp., 170 Conn. 243, 248-49, 365 A.2d 1153 (1976). Section52-576, however, imposes a six year limitation on actions brought on all other oral contracts as well as written contracts. Id.
Where the trial court has no evidence before it regarding whether the alleged contract had been fully performed or was executory, "the trial court could not have determined whether § 52-581
or § 52-576 applied to this claim. . . . Therefore, summary judgment based on § 52-581 was inappropriate because there was a genuine issue whether that statute applied." (Citation omitted.) Connecticut Bank Trust Co., N.A. v. Reckert,33 Conn. App. 702, 714, 638 A.2d 44 (1994). likewise, here Oliver has produced no evidence indicating whether the alleged oral CT Page 6900 contract has been fully performed or is executory, which constitutes a material issue of fact.
Accordingly, Oliver's motion for summary judgement as to the third count of the complaint is denied.[4]
 B. Count Four: Negligence
Oliver argues that the plaintiffs' negligence claim in count four is barred by the two-year statute of limitations in General Statutes § 52-584,[5] because the plaintiffs' injury was first sustained or discovered or should have been discovered on or before January 1, 1993, when Marek Zajkowski was detained in Poland. Since suit was filed on January 18, 1996, Oliver asserts, the two-year statute of limitations has run. Oliver also contends that based on Marek Zajkowski's admissions during his deposition that Oliver was not negligent in preparing his visa application, Oliver is entitled to summary judgment.
The plaintiffs argue that because Marek Zajkowski was prevented from leaving Poland and returning to the United States within two years of the discovery of Oliver's negligent acts, his negligence claim should not be time-barred. The plaintiffs contend that § 52-576(b)[6] provides an exception to the six-year statute of limitations where a party is legally incapable of bringing a contract claim, and that for policy reasons, such an exception should be applied to § 52-584. The plaintiffs also argue that Marek Zajkowski was, for all intents and purposes, imprisoned in Poland, and that in situations of false imprisonment, the statute of limitations does not begin to run until after the period of imprisonment concludes. In addition, the plaintiffs argue that while Oliver may not have been personally negligent in regards to the preparation of Marek Zajkowski's visa application, she may have been negligent in her duties as a supervisor.
The court declines to extend the statute of limitations extension contained in § 52-576 to § 52-584. See Kirwanv. State, 168 Conn. 498, 501, 363 A.2d 56 (1975) (section 52-584
makes no provision for tolling in the case of insane persons, and omission of a tolling provision is highlighted by the inclusion of tolling provisions in another section; hence, we must assume that the differences were intentional and that the legislature did not intend insanity necessarily to toll the statute of limitations). In Beebe v. Town of East Haddam, 48 Conn. App. 60
CT Page 6901 (1998), the court rejected a similar invitation to extend the two-year statute of limitations contained in General Statutes § 13a-149, the defective highway statute, on the basis of legal incompetence. "Section 13a-149 makes no exception for minors or insane persons. We note that [o]ther Connecticut statutes of limitations do provide exceptions [for incompetence]. General Statutes §§ 52-575, 52-576, 52-579 and 52-594. . . . While the absence of a tolling provision in § 13a-149 may work hardship, it is not the function of this court to pass upon the merit of legislation. Suffice it to say that the omission of a tolling provision in [this section] of the General Statutes is highlighted by the inclusion of tolling provisions in [other sections]; hence, we must assume that the differences were intentional and that the legislature did not intend [incompetence] necessarily to toll the Statute of Limitations." (Citations omitted; internal quotation marks omitted.) Id., 67-68. Accordingly, the court here will not extend the statute of limitations contained in § 52-584 past the two-year limit as provided by the legislature.
Nor can the plaintiffs prevail on their argument that the statute of limitations was tolled due to Marek Zajkowski's "false imprisonment" in Poland. The plaintiffs are correct that "the authorities are in agreement that the Statute of Limitations does not begin to run on a cause of action for false imprisonment until termination of the imprisonment." Kirwan v. State,31 Conn. Sup. 46, 51, 320 A.2d 837 (1974), aff'd, 168 Conn. 498,363 A.2d 56 (1975). The court went on to state, however, that "[t]he special rule pertaining to the running of the Statute of Limitations in an action for false imprisonment would not pertain to the claim for . . . malpractice. . . . The circumstance of false imprisonment would not toll the statute in respect to any other causes of action." Id., 53. Thus, the plaintiffs may not rely on Kirwan, since they have brought causes of action for breach or contract and negligence, not false imprisonment.
Furthermore, the plaintiffs have not raised a material issue of fact with regard to Oliver's liability as a supervisor. "Under the doctrine of respondent superior, [a] master is liable for the wilful torts of his servant committed within the scope of the servant's employment and in furtherance of his master's business. . . ." Mullen v. Horton, 46 Conn. App. 759, 764,700 A.2d 1377 (1997). There is no evidence that Oliver was Moura's supervisor, and therefore owed any duty of care to ensure the CT Page 6902 quality of Moura's work. Nowhere in the complaint is Oliver alleged to be a supervisor or other designation from which it can be concluded that she might be considered a "master" of Moura or others at IIC. (Motion For Summary Judgment, Exhibit A, Complaint). Oliver filed an affidavit in which she refers to herself as an employee of IIC. (Motion For Summary Judgment, Exhibit B, Affidavit of Myra Oliver). In addition, Marek Zajkowski states repeatedly in his deposition that Oliver was not negligent in preparing the visa documents. (Motion For Summary Judgment, Exhibit C, Deposition of Marek Zajkowski, October 3, 1997, pp. 45-46). "While the plaintiff's deposition testimony is not conclusive as a judicial admission . . . it is sufficient to support entry of summary judgment in the absence of contradictory competent affidavits that establish a genuine issue as to a material fact." Collum v. Chapin, 40 Conn. App. 449, 450 n. 2,671 A.2d 1329 (1996). The plaintiffs have not produced any affidavits to refute Marek Zajkowski's statements at his deposition. Accordingly, defendant Oliver's motion for summary judgment as to count four of the plaintiffs' complaint is granted.
DAVID W. SKOLNICK, JUDGE