[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION On MOTION TO DISMISS
The plaintiff, Sunbridge Healthcare Corporation (Sunbridge) doing business as Mediplex of Newington, has brought suit against the defendants John Hajdasz, a resident at Mediplex, and his wife, Victoria CT Page 7109 Hajdasz for payment of past due fees.
Sunbridge is seeking a prejudgment remedy to attach John and Victoria Hajdasz's jointly held real property in the town of Newington. The basis of the prejudgment remedy application is a written resident admission agreement between Sunbridge and the defendants.
The defendants filed a motion to dismiss on the grounds that the court lacks jurisdiction over the persons and the subject matter since Mr. Hajdasz was incompetent at the time the action was filed.
 I.
The defendants argue that John Hajdasz can not be made a party to the action because he is legally incompetent and, therefore, cannot be sued in his own name or receive legal process. They argue, citing Newman v.Newman, 35 Conn. App. 449, 646 A.2d 885 (1994), rev'd, 235 Conn. 82,663 A.2d 980 (1995), that the incompetent situation is analogous to that of a minor and that a minor cannot sue or be sued in his own name.[1]
The plaintiff relies on Ridgeway v. Ridgeway, 180 Conn. 533, 429 A.2d 801
(1980), a dissolution and custody matter, for the proposition that an incompetent can be sued in his own name. In Ridgeway, the plaintiff's attorney filed several requests for continuances because of the incompetence of his client. The trial court ultimately denied the plaintiff' s final request and rendered judgment in favor of the defendant. On appeal, the Connecticut Supreme Court stated that "even one whose thought processes are impaired to the extent of being insane has a legal capacity to sue or be sued, provided he has not been formally adjudicated an incompetent and placed under the guardianship of "another." Id., 539.
The Ridgeway decision relied on, in part, the decision in Kirwan v.State, 168 Conn. 498, 363 A.2d 56 (1975). In Kirwan, the court resolved the issue of whether a plaintiff could recover damages for false imprisonment and negligent medical attention resulting from his commitment to a mental hospital when the statute of limitations had run while the plaintiff was confined. The plaintiff argued that the statute of limitations should not have run while he was allegedly insane. The court stated that "[i]f the plaintiff were legally incompetent to sue or his access to the courts were impaired, the statute could not commence the limitations period running until he regained his legal competency. . . ." Id., 502. The court held, in part, that: "Absent an allegation, which must later be proved, that the insane person was or should havebeen adjudicated incompetent . . . the complaint raises no issue as to the suspension of the operation of the Statute of Limitations, it being CT Page 7110 presumed that the plaintiff was competent and capable of pursuing his case in the courts." (Emphasis added.) Id., 503; see also Twichell v.Guite, 53 Conn. App. 42, 48, 728 A.2d 1121 (1999)
The plaintiff argue's that it should not have the burden to determine the competence of defendants before it makes service of process. While this court agrees with the general proposition, it recognizes the presumptive validity of the defendant's claim in the circumstances of this case.
There is uncontroverted evidence that John Hajdasz suffers from Chronic Organic Brain Syndrome and, at the time of the service of process, suffered from "a high degree of mental confusion" and was unable "to understand the implications of the legal documents. . . ." (Defendants' Memorandum, Exhibit A, May 19, 1999 Letter from William B. Laakso, M.D.) Indeed, William B. Laakso, the defendant's attending physician, testified that Mr. Hajdasz was unable to tell the date, the week, the month, his location or even give his last name. This impairment existed at the time of service. These facts surely make the service of process questionable; the plaintiff caregiver effectuated service of process on John Hajdaszknowing his incompetent state.
In fact, the issue is raised herein only because another person was also sued. John Hajdasz had a spouse who signed the admission agreement and was thus served. Had Mr. Hajdasz been alone or had no consignor, this complaint would have been served only on him by the party caring for him and knowing his impairment. It is hard to foresee any result other than a default judgment.
The Ridgeway and Kirwan decisions, read together, stand for the proposition that an individual will be presumed competent and can be sued or be sued provided he or she has not been and should not have been adjudicated incompetent. Under the factual situation presented here — where the plaintiff is a nursing home which has contracted to care for this patient and surely has full knowledge of the defendant's incompetency, the presumption can not stand. This is surely the exception referred to in both cases in which the person, while not formally adjudicated an incompetent, has been placed under the guardianship of "another or should have been adjudicated incompetent. To hold otherwise would make a mockery of the notion of sufficient service of process.
The United States Supreme Court in Mullane v. Central Hanover Trust Co.,339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950) stated: "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the CT Page 7111 action and afford them an opportunity to present their objections." Id., 315. Mr. Hajdasz, in his current state, was totally incapable of being fully apprised of the pendency of the action and the means employed by the plaintiff would have prevented his defense had not his wife also been a party to the lawsuit.
As a result of Dr. Laakso's testimony, it is clear to this court that a conservator must be appointed for the defendant, John Hajdasz, under General Statutes § 45a-646 through 45a-650. Once that process is complete, the plaintiff can then provide service of process on the conservator. See Cottrell v. Connecticut Bank Trust Co., 175 Conn. 257,261, 398 A.2d 307 (1978) (incompetent may not bring suit or appeal in own name when conservator and "guardian ad litem appointed); see alsoUylers Price v. Castro, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 542538 (December 12, 1995, Wagner, J.) (plaintiff cannot bring suit in his own name after appointment of conservator).
 II.
Victoria Hajdasz argues that she is only vicariously liable and that the complaint should be dismissed as to her if the court lacks personal jurisdiction over John Hajdasz. This is not persuasive as the plaintiff has alleged more than vicarious liability. The plaintiff has alleged that Victoria Hajdasz is personally liable for the debt of her spouse under General Statutes § 46b-37 and for breach of the resident admission agreement.
For the foregoing reasons, the motion to dismiss is granted only as to the defendant John Hajdasz.
Berger, J.