[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS MOTION FOR SUMMARY JUDGMENT
The plaintiff, Wilbert C. Brown (Brown), filed a two-count complaint against the defendant, Ameridata Technologies, Inc. (ATI). Brown alleges he entered into an oral agreement with ATI's predecessor on or about March 28, 1990, calling for him to be paid $5,000 per month for his services. Brown also alleges that he worked for the predecessor fulltime until September 1993, but has not been paid for eighteen months of his tenure. The counts allege that the actions of ATI constitute a breach of contract and unjust enrichment.
ATI moves for summary judgment on the ground that Brown's causes of action are barred by the applicable statutes of limitation.
ATI argues that Brown is precluded from bringing this action based upon General Statutes § 52-596, which provides in pertinent part: "NO action for the payment of remuneration for employment payable periodically shall be brought but within two years after the right of action accrues. . . ." ATI contends that the statute of limitations under § 52-596 expired in September of 1995, which is two years after Brown's employment ended and approximately two years before this suit was filed.
Brown argues that § 52-596 does not apply to this action, because the parties never had an agreement calling for a weekly wage to be paid to Brown. Rather, Brown agreed to work as an independent contractor for an annual salary of $60,000, which for convenience was to broken into monthly payments of $5,000. (Objection To Motion For Summary Judgment, Affidavit of Wilbert C. Brown, ¶ 5). Therefore, Brown argues, a genuine issue of CT Page 3202 material fact is in dispute as to the nature of the parties relationship. ATI responds by arguing that Brown has always represented that he was an employee of ATI rather than an independent contractor, and therefore § 52-596 is applicable.
"The determination of the status of an individual as an independent contractor or employee is often difficult . . ., and, in the absence of controlling considerations, is a question of fact. . . . The fundamental distinction between an employee and an independent contractor depends upon the existence or nonexistence of the right to control the means and methods of work." (Internal quotation marks omitted.) Hanson v. Transportation General. Inc.,45 Conn. App. 441, 446, 696 A.2d 1026 (1997), aff'd,245 Conn. 613, 716 A.2d 857 (1998).
Brown avers that he worked alone and in conjunction with ATI representatives on various projects. (Objection To Motion For Summary Judgment, Affidavit of Wilbert C. Brown ¶ 4). Richard McDevitt, Vice President and CEO of ATI, swears that Brown commenced employment with ATI's predecessor on November 4, 1991 and was paid a monthly salary. (Reply Memorandum To Plaintiffs Objection To Defendant's Motion For Summary Judgment, Affidavit of Richard McDevitt ¶¶ 4-5). McDevitt also states that prior to November 4, 1991, Brown voluntarily provided services to ATI's predecessor with the understanding that he would become an employee when ATI's predecessor became a public company. (Affidavit Richard McDevitt ¶ 8).
A genuine issue of material fact exists as to whether Brown was an independent contractor or an employee of ATI. Therefore, the court cannot and should not determine whether the limitation period in § 52-596 is applicable here.
ATI argues that even if Brown's claims are not for renumeration but rather for breach of an oral contract, the claims are precluded based upon General Statutes § 52-581
(a), which provides: "No action founded upon any express contract or agreement which is not reduced to writing, or of which some note or memorandum is not made in writing and signed by the party to be charged therewith or his agent, shall be brought but within three years after the right of action accrues." ATI contends that § 52-581 expired when Brown's employment ended in September of 1996, approximately one year before this suit was filed.
Brown argues that § 52-581 does not apply to this action, CT Page 3203 since it only applies to executory contracts rather than to situations where the services have already been rendered. Brown contends that the proper statute of limitations is General Statutes § 52-576 (a), which provides, in pertinent part: "No action for an account, or on any simple or implied contract, or on any contract in writing, shall be brought but within six years after the right of action accrues In a supplemental memorandum, Brown argues that the six year period began when he was discharged from ATI in 1993, and therefore this action is timely. Brown further argues that based upon representations from ATI that he would receive monies owed, any applicable statute of limitations has been tolled.
ATI argues in response that even if Brown is correct that prior to November 4, 1991 he was an independent contractor rather than an employee, the six year period in § 52-576 would expire in November of 1997, prior to the filing of this suit.[1]
ATI further responds that it should not be equitably estopped from asserting a statute of limitations defense based upon purported representations it made to Brown indicating that Brown would be paid the monies owed.
"Section 52-581 imposes a three year limitation only on actions brought on executory oral contracts. Tierney v. AmericanUrban Corp. , 170 Conn. 243, 248-49, 365 A.2d 1153 (1976). Section 52-576, however, imposes a six year limitation on actions brought on all other oral contracts as well as written contracts. Id. Where the trial court has no evidence before it regarding whether the alleged contract had been fully performed or was executory, `the trial court could not have determined whether § 52-581
or § 52-576 applied to this claim . . .' Connecticut Bank Trust Co., N.A. v. Reckert, 33 Conn. App. 702, 714, 638 A.2d 44
(1994)." Zajkowski v. International Institute of Connecticut, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 329830 (June 18, 1998, Skolnick, J.) (22 Conn. L. Rptr. 330).
Here, the parties have produced little or no evidence indicating whether the alleged oral contract has been fully performed or is executory. Accordingly, a genuine issue of material fact exists as to whether the three year limitation in § 52-581 or the six year limitation in § 52-576 applies to the plaintiff's claim.
As a result defendants motion for summary judgment is denied CT Page 3204 because genuine issues of material fact exist as to whether the plaintiff was an independent contractor or an employee of the defendant, and as to whether General Statutes § 52-581 or General Statutes § 52-576 applies to the plaintiff's breach of contract claim.
NADEAU. J.