[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT (#115)
The plaintiff, Lillian Caltabiano, filed a four-count substituted complaint against the defendants, Daniel Sullivan (Sullivan) and the city of Bridgeport (city), on December 9, 1998. The plaintiff alleges that she suffered injuries when she was involved in an automobile collision at the intersection of Broadbridge Road and Huntington Turnpike in Bridgeport, Connecticut. The plaintiff also alleges that the cause of the collision was a defective traffic light at the intersection. The plaintiff claims in counts one and two that Sullivan, as the superintendent of streets for the city, and the city, were negligent in failing to take steps to make the intersection safe for vehicular travel. The plaintiff claims in count three that the collision was caused by a nuisance which Sullivan allowed to exist. The plaintiff brings a defective highway claim against the city in count four.
The defendants have filed a motion for summary judgment as to all four counts of the plaintiff's substituted complaint on the following grounds: (1) the allegedly defective traffic light is not owned and maintained by the city but by the state of Connecticut and therefore the plaintiff cannot recover under counts one through four; (2) the defendants have governmental immunity as to counts one through three; (3) there is no cause of action against a municipality for a defective highway except by statute; and (4) the defective highway claim in count four is time-barred. The plaintiff filed a memorandum in opposition to the motion for summary judgment, and the matter was heard by the court on January 11, 1999.
 A. Control Over the Subject Traffic Light
CT Page 1440
The defendants contend that the allegedly malfunctioning traffic signal is controlled by the state department of transportation, and therefore they owed no duty to the plaintiff. With regard to the road under the city's control, the defendants do not deny that the intersection where the accident took place includes both municipal and state roads. The plaintiff argues further more than a defective traffic light. The plaintiff alleges that the defendants knew of the defective traffic signal, but did nothing to remedy the situation. Viewing the allegations in a light most favorable to the plaintiff, the defendants had some duty to keep the comprised of a municipal as well as a state highway reasonably safe for travelers such as the plaintiff. Therefore the defendants' contention that they owed the plaintiff no duty as a matter of law is untenable.
 B. Counts One and Three Against Municipal Employee
"[A]n action under the highway defect statute, § 13a-149, is a plaintiff's exclusive remedy against a municipality . . . for damages resulting from injury to any person or property by means of a defective road or bridge. [Sanzone v. Board of Police Commissioners, 219 Conn. 179, 192, 592 A.2d 912 (1991)] . . . Although indicating that a municipal employee in a defective highway suit was not entitled to indemnity under § 7-465(a), the court in [Sanzone] determined that such employee could nevertheless be sued as an individual, stating that `[t]here is no reason to believe, however, that the legislature intended to eliminate an injured plaintiff's common law right to seek damages from individual municipal employees.' Id., 193." (Citation omitted.) Perone v. City of Stamford, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 132901 (April 27, 1994) (Lewis, J.) (11 CONN. L. RPTR. 429, 9 C.S.C.R. 543). See also Reisel v. Bridgeport Garden Apartments, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 271294 (September 9, 1992) (Melville, J.) (7 CONN. L. RPTR. 323, 324) (court denied motion to strike claim against municipal employee, finding that § 52-557n does not bar plaintiff from asserting negligence cause of action against municipal officer or employee).
Therefore, the plaintiff may assert common law negligence and nuisance claims against Sullivan.[1]
 C. Count Two: Negligence Against the City
The plaintiff has alleged in count two a common law cause of CT Page 1441 action against the city for a defective roadway condition. "Under the common law, municipalities enjoyed immunity for injuries caused by defective highways . . . This immunity has been legislatively abrogated by § 13a-149, which allows a person to recover damages against a municipality for injuries caused by a defective highway . . . Section 13a-149 provides the exclusive remedy for a person seeking redress against a municipality for such injuries." Martin v. Town of Plainville, 240 Conn. 105, 109,689 A.2d 1125 (1997). Therefore, as a matter of law, the city is entitled to summary judgment as to count two of the plaintiff's complaint.
 D. Count Four: Defective Highway Against the City
"[W]here a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right . . . Section 13a-149 is in derogation of the common law, and the limitation of time contained in the statute is controlling." (Citation omitted.) Beebe v. Town ofEast Haddam, 48 Conn. App. 60, 65-66, 708 A.2d 231 (1998).
Although the plaintiff did not specifically allege a defective highway claim against the city pursuant to §13a-149 in the original complaint, the causes of action therein are very similar to count four of the substituted complaint.[2]
"A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief . . . A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action . . . It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated . . . Our relation back doctrine provides that an amendment relates back when the original complaint has given the party fair notice that a claim is being asserted stemming from a particular transaction or occurrence, thereby serving the objectives of our statute of limitations, namely, to protect parties from having to defend against stale claims . . ." (Citations omitted; internal quotation marks omitted.) Barrett v. Danbury Hospital, CT Page 1442232 Conn. 242, 263 64, 654 A.2d 748 (1995). Accordingly, the court finds that the defective highway claim, although made for the first time after the two year statute of limitations had passed, relates back to the original complaint, and therefore is not time barred.
Accordingly, the defendants' motion for summary judgment is granted as to count two of the plaintiff's substituted complaint on the ground that there is no common law action against a municipality based on a defective highway. The defendants' motion for summary judgment is denied as to counts one and three on the ground that a plaintiff may maintain a direct action against a municipal employee based on a defective highway. The defendants' motion for summary judgment as to count four is denied as the statutory defective highway claim against the city is timely based on the relation back doctrine.
___________________________ DAVID W. SKOLNICK, JUDGE