[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 123)
On January 24, 1997, the plaintiff, Millie Rizio, filed a one count complaint alleging that the defendants, the town of Trumbull and the town of Trumbull board of education, were negligent in allowing a defective condition on the premises of Trumbull high school. The plaintiff alleged that on March 31, 1995, she was exiting a building at Trumbull High School when a CT Page 15601 door swung toward her and struck her right ankle, causing her injuries.
On May 15, 1997, the defendants filed a request to revise, asking that the plaintiff "state the statutory basis for the claim. On November 5, 1997, the plaintiffs filed a request for leave to amend and an amended complaint. The amended complaint added several paragraphs to the negligence count, including a paragraph alleging that pursuant to General Statutes §§ 7-101a
and, 7-465, the Town of Trumbull was liable for the damages and injuries sustained by the plaintiff. The amended complaint also added an additional count, in which the plaintiff alleged that the condition of the door was a nuisance.
On October 9, 1998, the defendants filed a motion for summary judgment, arguing that the indemnification provided by General Statutes §§ 7-101a and 7-465 does not create a cause of action against the defendants. Also, the defendants argued that the nuisance claim was barred by the statute of limitations.
On November 24, 1998, the plaintiff filed a second request for leave to amend the complaint and amended complaint, changing the statutory basis for the negligence claim from §§ 7-101a
and 7-465 to General Statutes § 52-557n. The defendants' objection to the request for leave to amend was overruled, and the plaintiff was permitted to amend the complaint.
The defendants now move for summary judgment on the ground that counts one and two are barred by the statute of limitations.
Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 17-49. The party seeking summary judgment has the burden of showing the absence of any genuine issue of material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact.Hertz Corp. v. Federal Ins. Co., 245 Conn. 374, 381, 713 A.2d 820
(1998). Summary judgment may be granted where the claim is barred by the statute of limitations. Doty v. Mucci, 238 Conn. 800, 806,679 A.2d 945 (1996). CT Page 15602
 A. Count One — Negligence
The defendants first argue that the § 52-557n claim was added after the expiration of the statute of limitations, and is therefore untimely. General Statutes § 52-584 provides:
 "No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered."
Here, the plaintiff first amended her complaint to include §52-557n as the statutory basis for her negligence claim on November 28, 1998. Because this allegation occurred more than two years after the date of the alleged accident, the defendants argue that the plaintiff "s negligence claim is barred by the statute of limitations.
Amendments relate back to the date of the complaint unless they allege a new cause of action. An amendment to a complaint which sets up a new and different cause of action speaks as of the date when it is filed. Keenan v. Yale New Haven Hospital,167 Conn. 284, 285, 355 A.2d 253 (1974). Therefore, if the amended complaint alleges a new cause of action, the proposed amendment will be barred by the statute of limitations. If, however, the proposed amendment relates back to the original complaint, it is not time barred. Barbara Anderson v. City of New London, Superior Court, judicial district of New London at New London, Docket No. 541273 (March 4, 1999, Hurley, J.T.R.).
A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action. It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated. Our relation back doctrine provides that an amendment relates back when the original CT Page 15603 complaint has given the party fair notice that a claim is being asserted stemming from a particular transaction or occurrence, thereby serving the objectives of our statute of limitations, namely, to protect parties from having to defend against stale claims. Barrett v. Danbury Hospital, 232 Conn. 242, 263-64,654 A.2d 748 (1995).
Here, the plaintiff has not added facts to the negligence count, but has changed the statutory basis for the negligence claim from §§ 7-101a and 7-465 to § 52-557n. The occurrence upon which the plaintiff bases her claim has not changed. Accordingly, the claim for damages under § 52-557n relates back to the previous timely filed complaint, and is therefore not barred by the statute of limitations. See Caltabiano v. City of Bridgeport,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 326891 (February 8, 1999, Skolnick, J.) (23 Conn. L. Rptr. 36) (where the primary difference between the previous and subsequent complaint was that the subsequent complaint cited a statute, the subsequent complaint related back to the previous complaint).
 B. Count Two — Nuisance
The defendants argue that the plaintiffs second count states a claim for negligent nuisance, and is therefore barred by the statute of limitations. The defendant relies upon Hansen v.Huntington Realty. Inc., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 539334 (January 25, 1996, Hennessey, J.) (citing General Statutes § 52-584) andSzponar v. Stasiak, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 452914 (July 19, 1993, Goldberg, J.) to argue that a claim for negligent nuisance must be brought within two years from the date of the accident.
Assuming, arguendo, that the plaintiff's second count states a claim for negligent nuisance that must have been brought within two years of the date of the injury, the defendants' argument nonetheless fails. As previously stated, an amendment relates back to the original complaint if the defendant had fair notice that a claim was being asserted against it based upon the particular transaction or occurrence. See Barrett v. DanburyHospital, supra, 232 Conn. 263-64. An amendment will not relate back to the date of the original complaint if "an entirely new and different factual situation is presented." Id., 264. In the nuisance count, the plaintiff does not allege an entirely new CT Page 15604 transaction upon which the defendants could be potentially liable. Rather, the plaintiff asserts substantially the same facts that are alleged in the negligence count, namely that a defective door caused the plaintiff's injuries, as the basis for a cause of action sounding in nuisance.[1] Accordingly, the nuisance claim, relates back to the timely filed negligence claim, and is therefore not barred by the statute of limitations. See Keller v. Town of East Hartford, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 469989 (February 7, 1996, Fineberg, J.) (where the plaintiff sought to amend a negligence claim to add a negligent nuisance claim based upon the same facts as the negligence claim, the amendment was held to relate back to the date of the filing of the original complaint).
For the foregoing reasons, the defendants' motion for summary judgment is hereby DENIED.
MELVILLE, J.